On Rehearing.

Thomson, J.
On the 9th day of July, 1892, Clarkson A. Pound executed a deed conveying certain real estate of which he was the owner to a trustee to secure the payment of an indebtedness from him to Almira S. Burr. This deed was duly recorded on the 11th day of the same month. Afterwards the land was sold at tax sale for the -unpaid taxes assessed against it and the unpaid taxes assessed against Pound on his personal property, for the years 1893, 1894 and 1895. After the sale, Almira S. Burr, for the purpose of a redemption of the land from -the tax sale, tendered to the treasurer the amount of the taxes,* interest, costs and penalties, due ■ on account- of the assessment against the land; but’the'treasurer'refused to receive the money or allow a redemption unless the taxes, 'interest, costs and penalties due on *87 account of the assessment against Pound on his personal property were also paid.
This action was brought in the name .of the people of the state on the relation of Almira S. Burr to compel the treasurer to receive the amount so tendered, and issue a certificate of redemption to the relator. The cause was heard on the petition and answer, and a peremptory writ of mandamus ordered as prayed in the petition. The respondent appeals.
In support of the judgment, the relator relies on the decision of this court in the case of Gifford v. Callaway, 8 Colo. App. 359. This decision will be noticed later.
For the respondent it is contended, first, that by the express terms-of the statute.there can be no redemption at all except upon payment, not only of the taxes assessed against the land, but of the taxes levied on the personal property of the owner; so that the claim of the purchaser as well for the money paid on account of the personal tax as for the money paid on account of the tax against the land, is paramount to all other claims; and, second, that even if the relator might be entitled to relief, her remedy is not mandamus.
In suport of the first proposition we are referred to the following sections of Mills’ Annotated Statutes :
i ‘ 3882. The county treasurer shall, before the twentieth day of April in each year, make out a list of all lands and town lots subject to sale, describing such lands and town lots as the same are described on the tax roll, with an accompanying notice stating that so much of each tract of land or town lot described in said list as may be necessary for that purpose will, on a day specified thereafter, and the next succeeding days, be sold by him at public auction at the county treasurer’s office, for the taxes and charges *88 thereon, and taxes and charges assessed against the owner thereof for personal property.”
“3905. Real property, sold under the provisions of this act, may be redeemed by the owner, his agent, assignee or attorney, at any time before the expiration of three years from the date of sale, and at any time before the execution of the deed to the purchaser, his heirs or assigns, by the payment to' the treasurer of the proper county, to be held by him subject to the order of the purchaser, of the amount for which the same was sold, with interest thereon at the rate of twenty-five per cent, per annum from the date of sale, and fifteen per cent, on the sum if redeemed within three months from the date of the sale thereof, and twenty-five per cent, if redeemed after three months and within one year from the date of sale, and forty per cent, if redeemed after one year and within two years from the date of sale, and fifty per cent, if redeemed after two (2) years and within three (3) years, together with the amount of all taxes accruing on such real estate after the first sale, paid by the purchaser and indorsed on his certificate of purchase, with interest on the same at the rate of twenty-five per cent, per annum on such taxes paid subsequent to such sale. ’ ’
By the terms of section 3882 real estate must be sold at tax sale as well for the taxes on the owner’s personal property as for the taxes assessed against the land; and the redemption provided for by section 3905 is accomplished by payment of the entire amount for which the land was sold; but it is only where the redemption is effected by payment to the treasurer that the provisions, of the latter section are applicable; and if there could be no redemption from a tax sale except by payment to the treasurer, the position of the holder of a prior mortgage would .be no better than that of the owner of -the land. The *89 latter owes the debt and there is, therefore, no hardship in requiring full payment from him as a condition of redemption; but to make the tax upon his personal property a claim against the land paramount to the lien of a prior mortgage, might seriously impair the value of the security. He might, after the execution of the mortgage, acquire personal property to such amount and of such value that the tax would render the security worthless. It would be impossible for a creditor, when taking his mortgage, 'to anticipate future dealings of his debtor; and if the status of his security were dependent on them, conditions might be brought into existence which would render him a helpless spectator of the confiscation of his own property. It is within the power of the legislature to give precedence to a tax on personal property over antecedent incumbrances; but, in view of possible results, the intention so to do must appear in express and unmistakable language. ■ — See State v. Newark, 42 N. J. L. 38.
In Gifford v. Callaway, supra, it was held by this court that if the statute created a lien upon land for the taxes on the owner’s personal property, that lien was subject and subordinate to valid prior liens. A lien is, in terms, created upon real estate for the taxes assessed against it; and the assessment and all subsequent proceedings down to and including the sale, are against the land without regard to title.— Mills’ Ann. Stats., secs. 3770, 3812, 3890. It is, therefore, evident that the intention was that the lien of those taxes should attach to the land without regard to title and should, consequently, be superior to all other liens.- — See Osterberg v. Union Trust Co., 93 U. S. 424; Spratt v. Price, 18 Fla. 289.
But in the case of personal property the assessment and the subsequent proceedings are against its owner. Any personal property of his is subject *90 to seizure and sale for the tax, whether it- be the same property upon which the tax was levied or not; and if the property taxed has been removed from the county or cannot be found by the treasurer, the amount may be collected by suit against him. —Mills’ Ann. Stats., sec. 3771.
The proceedings throughout are in personam, and the provision for the sale of the owner’s land for the same tax furnishes a remedy which is cumulative merely. The proceedings being against the person and not against the land, the sale of the land for the claim against the person can affect only the interest of the person. The certificate of purchase invests the purchaser with the lien of the tax against the land, which is paramount to all other liens, and also with a lien for the money paid by him on account of the personal tax which is subject to prior liens. Our conclusion is that while the relator’s trust deed is subject to the lien of the purchaser on account of the tax assessed against the real estate, it is not subject to the lien which he has acquired on account of the tax levied on the owner’s personal property; and that, in a proper proceeding, she would be entitled to a release, as to her interest, upon payment only of the amount primarily chargeable against the land.
The second of the respondent’s propositions is, we think, correct. In the case of Gifford v. Callaway, upon which the relator relies, there had been no sale for taxes. The plaintiff, who had become the owner of the real estate through foreclosure of a trust deed at a time when taxes were being regularly collected, tendered to the treasurer the amount of the tax assessed against the land; but that officer refused to receive the money unless the tax upon the personal property of the grantor in the trust deed, levied before the foreclosure but long after the execution of *91 -the deed, was also paid. We la eld that it was the duty of-the treasurer to receive the money tendered and that mandamus would lie to compel him so to do. But in essential particulars there is a distinction between that case and this which renders the rule announced there inapplicable here. While the treasurer is still engaged in the collection of taxes he is acting in behalf of the state and county; and when the full amount due in any particular instance is tendered he is bound to receive it. As against an incumbrancer there is .a lien for the taxes assessed upon the land, and that lien the incumbrancer has the right to discharge for the protection of his security. Those being the only taxes with which his interest is charged, the treasurer has no discretion to refuse him permission to pay them. But the situation is altered by a sale of the land for taxes. The state and county have then received the money due them respectively, and their claim has been transferred to the purchaser. It is with him that future dealings must be had. The law provides that the redemption money may he paid to the treasurer; hut that officer holds it subject to the order of the purchaser. He receives it, not as the agent of the state or county, but as the agent of the purchaser. As he is constituted such agent by statute and not by contract, his authority is limited by the terms of the statute. In the matter of receiving the redemption money the sole authority which he possesses is found in section 3905. That section permits redemption upon payment to him of the sum for which the land was sold with a specified interest and a specified penalty. Nowhere is he allowed to abate a dollar of the amount. The money belongs to the purchaser; and while the immediate parties may adjust the matter to their liking, the treasurer must act within the letter of the law.
*92 Mandamus lies to compel the performance of an act which the law specially enjoins as a duty resulting from, an office, trust or station. — Mills ’ Ann. Code, sec. 307.
It is not the duty of the treasurer to receive in redemption less than the amount for which the land was sold, with the interest and penalty. To make the statement a little more -explicit, it- is his duty not to receive in redemption less than the amount for which the land was sold with the interest and penalty. This proceeding, the purpose of which is to compel the respondent to do something which it is not his duty to do or, otherwise stated, which it is his duty not to do, must fail.
But, notwithstanding the treasurer cannot be forced to receive in redemption less than the amount named in the statute, an incumbrancer desiring to be relieved from the lien by which he is affected is not without a remedy. The purchaser holds a certificate of purchase which he cannot be compelled to surrender or the validity of which cannot be impaired except upon payment to him of his entire purchase money with the statutory interest and charges; but in a proceeding in equity against him to which the treasurer would not he a proper party, redemption, so far as may he necessary for the protection of the mortgagee’s security, might be decreed. The certificate of purchase would not he surrendered; it would still entitle the holder to a deed for the land, but the- instrument would convey only the title of the defaulting owner. It would be subject to the incumbrance; but the grantee would, in virtue of the title received by him, have the right to pay off the debt, and thus perfect his title.
The judgment is reversed, with direction to dismiss the proceeding.

Reversed.