No. 10,765.

BOARD OF COMMISSIONERS OF ROUTT COUNTY v. WHITT.

Decided October 1, 1923.

Action for refund of taxes paid under protest.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   TAXES AND TAXATION—*Personal Tax not Lien on Realty.*   A tax does not become a lien on real estate unless by express legislative action.   Legislation making taxes on personalty a lien on real estate is lacking in Colorado.

2.    *Personalty—Real Estate Lien.*  A vendor of land took a trust deed back for a part of the purchase price.  The vendee defaulted and reconveyed the property to the vendor, who, in order to prevent a sale for taxes, paid the real estate tax, and the personal tax of the vendee under protest.  In an action to recover the amount of personal tax so paid, it is held that the land having been reconveyed in lieu of foreclosure, the vendor was entitled to protection as a prior incumbrancer, and to a refund of the amount paid as personal tax.

*Error to the District Court of Routt County, Hon. Charles E. Herrick, Judge.*

Mr. F. R. CARPENTER, for plaintiff in error.

Messrs. GOODING & MONSON, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error being the owner of real property in Steamboat Springs, Colorado, sold and conveyed the same to one Gray who, at the time of said conveyance, executed a trust deed to the public trustee, to secure certain notes given to Whitt for a balance of the purchase price.  Something over a year later, Grey, being in default on these notes, reconveyed the land to Whitt in satisfaction of them.  Grey not having paid the taxes of 1921, the property was advertised for sale for the nonpayment of said taxes, and the personal taxes assessed against Grey for the same year.  Whitt paid the taxes before sale, including the personal taxes, which were paid under protest.  Later he demanded a refund from the county commissioners which was refused.  On appeal to the district court he had judgment for the amount of the personal taxes thus paid.  The board of county commissioners brings error.

The questions presented are:  Is the personal tax a lien upon real estate owned by the person to whom the personal tax is assessed? and, if there be such lien, is it superior to a valid lien upon the real estate, prior in point of time?  The right to collect a personal tax out of the owner's real

estate is recognized by section 7402 C. L. 1921, which directs the county treasurer to give notice of the sale of real estate, to satisfy taxes thereon, "and taxes, interest and charges assessed against the owner thereof for personal property." This section merely governs the matter of sale, and gives no lien. A lien for the tax is given upon the personalty by section 7375, which makes the lien perpetual upon the property so taxed until the amount is paid. It provides also for suit by the county treasurer to recover the taxes.

Section 7179 provides that taxes levied upon real estate shall be a perpetual lien, and have priority over all other liens, except certain liens arising from special assessments.

It is well settled that a tax does not become a lien upon real estate unless by express legislative action. Cooley on Taxation, (3rd Ed.) 865. Legislation making taxes on personalty a lien on real estate is entirely lacking in our legislation. While the land may be sold as a part of the means of collecting the debt which the owner owes the state as personal taxes, the law imposes no lien upon the land which would cut off a prior valid lien.

In *State v. Newark,* 42 N. J. L. 38, the court, speaking of this question, said: "An intention to give such a tax priority in any case, should not be imputed to the lawmaker, in the absence of unmistakable language to that effect, * * *. To declare that a mortgage on land shall be subsequent and subject to all after taxes assessed upon the personal estate of the owner of the equity of redemption, differs but slightly from taking the property of one citizen to pay the debt of another."

This case is cited with approval in *Gifford v. Callaway,* 8 Colo. App. 359, 46 Pac. 626, and *Statton v. People,* 18 Colo. App. 85, 70 Pac. 157.

In *Bibbins v. Clark,* 90 Iowa, 230, 57 N. W. 884, 59 N. W. 290, 29 L. R. A. 278, where the court had under consideration a statute which gives a lien upon the real estate for personal taxes of the owner, it was held that prior incumbrances were not, by the statute made subsequent to

that lien. Here we have no lien upon the real estate given by statute. Clearly then no lien can be said to attach which cuts off an existing lien. The foregoing is in accordance with the law laid down in this state in the two cases cited, and in *Lee v. Stanard,* 15 Colo. App. 101, 61 Pac. 234, also in *Parsons v. Gas Light Co.,* 108 Ill. 380, 385.

The taxes owing by Grey upon his personal property were not a lien upon the land which he reconveyed to Whitt.

It is urged, however, that defendant in error is not entitled to protection as a prior incumbrancer, because when he applied for the refund he was the owner of the property. From the agreed statement of facts it appears that Grey reconveyed the land to Whitt in lieu of a foreclosure. The latter therefore, is entitled to the same protection as would be his right if he had in fact foreclosed the deed of trust.

The judgment of the district court was right and is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.