## No. 11,470.

### BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY *v.* MCDONALD.

Decided January 11, 1926.

Action to recover amount of taxes erroneously collected. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. TAXES AND TAXATION—*Personal Tax not a Lien on Realty.* While real property may be sold to satisfy a personal tax against the owner, there being no law in Colorado making taxes on per-

sonalty a lien on the real estate, the law imposes no lien upon land for such personal tax which would cut off a prior valid lien.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. HARRY BEHM, for plaintiff in error.

Messrs. BARTELS & BLOOD, Mr. ARTHUR H. LAWS, for defendant in error.

*En banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

JUDGMENT of the district court against the board of county commissioners of Adams county on a claim of defendant in error against the county. The county brings error and asks for a supersedeas.

Defendant in error held a recorded trust deed on real estate in Adams county to secure the payment of a debt. Thereafter taxes accrued on this real estate and the owner of the fee permitted both his real and personal taxes to become delinquent. Upon such default, the county treasurer proceeded to advertise and sell the real estate for the payment of both the real and personal tax.

Defendant in error offered to pay the real property tax with accumulated interest, but the county treasurer refused to accept the same unless both real and personal taxes were paid. Defendant in error was thereby forced to pay both the real and personal taxes of the owner in fee of the real estate, in order to protect the lien of his prior security. Having done so, he filed a claim with the county for a refund of the personal tax, which was denied. He appealed to the district court and got judgment against the county, to which it objects.

We held, in *Board of Commissioners of Routt County v. Whitt,* 74 Colo. 129, 219 Pac. 217, that a tax does not be-

come a lien upon real estate unless by express legislative action, and that there is no legislation in this state that makes taxes on personalty a lien upon real estate, and that while the land may be sold as a part of the means of collecting the debt which the owner owes the state for personal taxes, the law imposes no lien upon the land for such personal tax which would cut off a prior valid lien upon the real estate.

The case at bar is governed by the one cited. The judgment of the district court is therefore correct.

Supersedeas denied, and judgment affirmed.