No. 13,371.

JEFFERSON COUNTY ET AL. *v.* STUART.
(25 P. [2d] 179)

Decided September 11, 1933.

Mr. WILLIAM H. BOATRIGHT, for plaintiff in error.

Mr. VANCE R. DITTMAN, JR., Mr. WILLIAM ATHA MASON, Mr. LOWELL D. HUNT, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

THE board of county commissioners of Jefferson county disallowed the claim of Anine C. Stuart for a refund of taxes paid by her on certain real estate. She appealed to the district court and obtained judgment. The board assigns error and asks for a supersedeas.

On August 19, 1929, one Thompson, owner of the land in question, executed and delivered to the claimant, Mrs. Stuart, a deed of trust on said land to secure the payment of a promissory note. August 20, 1929, the trust deed was recorded in Jefferson county. December 1, 1930, the county treasurer sold the land to satisfy Thompson's delinquent real and personal property taxes with interest and penalties for the year 1929. November 20, 1931, the treasurer again sold the land to satisfy Thompson's delinquent real and personal property tax for the year 1930. February 26, 1932, Mrs. Stuart, in order to protect her lien, asked the treasurer for a statement of the taxes due on the real estate. By mistake or inadvertence the treasurer informed her that the amount thereof with accrued interest and penalties was $252.24 for the year 1929 and $457.32 for the year 1930. She paid these amounts, the treasurer issued redemption certificates to her and remitted the collection to the tax buyer. The redemption certificates gave no indication that Thompson's personal taxes were included, but the claimant later discovered that such was the fact, there being $95.10 of Thompson's personal tax included in the payment for the year 1929, and $103.13 for the year 1930. The court gave judgment against the county in favor of Mrs. Stuart for the sum of $198.23 and accrued interest.

█ The county treasurer, in advertising and selling the land to satisfy its owner's delinquent real and personal property taxes, acted under the provisions of section 7402, C. L. 1921, but in selling for the personal tax, the officer could not thereby cut off a valid prior lien on the real estate, created by the recorded deed of trust. *Board of County Commissioners v. McDonald,* 78 Colo. 519, 242 Pac. 682; *Board of County Commissioners v. Whitt,* 74 Colo. 129, 219 Pac. 217.

█ The county contends that claimant should not be permitted to recover because she voluntarily paid the personal property tax without any protest. The argument is untenable; there was no occasion for her to protest when the treasurer or his deputy by mistake or inadvertence gave her the wrong figures, and in reliance thereon the claimant believed that she was paying only the tax on the real estate with interest and penalties. She was entitled to rely on the treasurer's statement and did not pay the personal tax voluntarily when she paid it with the express intention of having it otherwise applied.

Judgment affirmed.

Mr. Justice Butler and Mr. Justice Holland concur.