## No. 10,050.

### COATES, ET AL. v. THE BOARD OF COUNTY COMMISSIONERS OF PROWERS COUNTY, ET AL.

Decided April 3, 1922.

Action to restrain county commissioners from including lands within a proposed drainage district. Judgment of dismissal.

### *Reversed.*

1. DRAINAGE DISTRICTS—*Lands Included.* Chapter 12, S. L. 1911, concerning drainage districts, does not contemplate the inclusion within the district of lands which would not be benefited by the drainage system, and the inclusion of which would not be conducive to the public welfare.

2. PLEADINGS—*Complaint.* Allegations of a complaint in an action to restrain the inclusion of lands in a proposed drainage district, reviewed and held not subject to a general demurrer.

3. EQUITY—*Administrative Bodies—Abuse of Discretion.* Equity may relieve from the action of administrative bodies where discretion has been abused, and affords a proper remedy in such cases.

*Error to the District Court of Prowers County, Hon. A. F. Hollenbeck, Judge.*

Messrs. HILLYER & KINKAID, for plaintiffs in error.

Messrs. TODD & UNDERWOOD, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit for an injunction to restrain the board of county commissioners of Prowers county from including the lands of the plaintiffs within a proposed drainage district. Other relief, consistent with such injunction is prayed for. A temporary injunction was denied. The cause was dismissed, following the sustaining of a demurrer to the amended complaint upon the ground that it fails to state facts sufficient to constitute a cause of action. The plaintiffs bring the cause here for review.

A petition for the organization of a drainage district was presented to the board of county commissioners, and plaintiffs, who are owners of lands within the boundaries of the proposed district, filed petitions for the exclusion of their lands from the district. The board denied the petitions for exclusion.

From the allegations of the amended complaint, it appears that the proceedings for the organization of the drainage district were carried on in conformity with the provisions of the Drainage District Act of 1911 (Ch. 124, p. 311, S. L. 1911), and were regular and valid except as to the board's refusal to exclude plaintiffs' lands.

The amended complaint alleges that at the hearing before the board of county commissioners sworn testimony was given which clearly established the fact that the lands in question are not seeped, are cultivable, useful and fully so, and would not be benefited by the proposed drainage system, and that their drainage would not be conducive to the public health, convenience, utility or welfare. It is further alleged, in effect, that all this evidence was and remained uncontradicted, and that the action of the board

in refusing to exclude plaintiffs' lands constituted a gross abuse of discretion.

"It is a general rule that only land which will derive a benefit from the improvement should be included in a drainage district." 19 C. J. 618; 9 R. C. L. 645.  Our drainage act (S. L. 1911, p. 311) does not contemplate the inclusion within a drainage district of lands which would not be benefited by the drainage system, and the inclusion of which would not be conducive to the public welfare.

This is not a collateral attack on the proceedings for the organization of a drainage district, but is the most direct, as well as the earliest, attack which plaintiffs could make. Equity may relieve from the action of administrative bodies where discretion has been abused.  A cause of action was stated in the amended complaint, and it was error to sustain the demurrer thereto.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE DENISON concur.