## No. 10,655.

### COATES, ET AL. v. BOARD OF COUNTY COMMISSIONERS OF PROWERS COUNTY, ET AL.

Decided December 3, 1923. Rehearing denied January 7, 1924.

Action to restrain the inclusion of lands within a drainage district. Judgment for defendants.

### *Affirmed.*

1. APPEAL AND ERROR—*Re-Trial.* Where on review, the judgment was reversed and the cause remanded for further proceedings, it is held that there is no merit in the contention in this case, that the trial court had no authority to do otherwise than enter judgment for plaintiffs.

2. COUNTIES—*Commissioners—Hearings.* Boards of county commissioners are not courts nor a part of the judicial department, and unless there is some requirement in the statute to that effect, they are not required to put under oath those who appear before them in hearings.

3. *Commissioners—Official Acts — Presumption — Discretion.* Every reasonable intendment is to be made in favor of the official acts of county commissioners, and courts are not disposed to interfere with the exercise of their discretionary authority.

*Error to the District Court of Prowers County, Hon. A. C. McChesney, Judge.*

Messrs. HILLYER & KINKAID, for plaintiffs in error.

Messrs. TODD & UNDERWOOD, for defendants in error.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS is a suit by plaintiffs in error to restrain the board of county commissioners of Prowers county from including their lands within a proposed drainage district. The case is here for review for the second time. The opinion upon the former review is reported in *Coates et al. v. Board of County Commissioners of Prowers County et al.,* 71 Colo. 241, 205 Pac. 943. It was there held that the amended complaint stated a cause of action, that the court below erred in sustaining a demurrer thereto, and the cause was remanded for further proceedings. Thereafter the defendants answered, and the issues were found in favor of the defendants and judgment rendered accordingly. Plaintiffs have sued out this writ of error.

There is no merit in the contention that the district court had no authority under our former decision to do otherwise than enter judgment for the plaintiffs. We held that the court below should have overruled the demurrer to the amended complaint, and therefore reversed the judgment and remanded the cause for further proceedings.

Plaintiffs in their initial proceeding filed a petition with the board of county commissioners to have their lands excluded from the proposed drainage district. The hearing of that petition before the board was regularly held as directed by statute, at which all parties interested were present and participated in the proceedings. The proceedings at the hearing were informal but characterized by decorum. The plaintiffs appeared by attorney and their witnesses were heard under oath by the board. Others in opposition to plaintiffs' petition testified, but not under oath. Questions were freely asked and answered and statements were openly made, and all parties were afforded a full opportu-

nity to be heard. Thereafter the members of the board personally inspected the lands under the proposed district. Plaintiff's petition for exclusion was denied by the board of county commissioners, and this denial of their petition is the cause of their complaint.

It is contended that only sworn testimony was competent on the hearing before the board of county commissioners, and that therefore the refusal of the board to so accept the sworn testimony of the plaintiffs as the only evidence before them for consideration was a clear abuse of discretion. We do not think so. The statute does not so direct. The board of county commissioners is not a court nor a part of the judicial department. Its functions are administrative; its proceedings are necessarily informal, and every reasonable intendment is to be made in favor of their official acts. Their officers are sworn to perform their duties correctly, and so long as they appear to be in good faith and to be acting with due care, courts are not disposed to interfere with the exercise of their discretionary authority.

The holding in *State v. Truax*, 139 Minn. 313, 166 N. W. 339, supports this conclusion: "The county board is not a court. Its proceedings are not proceedings in court. They are necessarily informal. The members are usually not lawyers. They are not governed by legal rules of evidence. The witnesses are usually for the most part officials, such as engineers and viewers, or parties to the proceeding. Parties appear usually without attorneys. Their contribution to the proceeding will, in practice, be found to be partly argument and partly statement of fact. Unless there is some requirement in the statute to that effect, we think county boards are not required to put under oath those who appear before them."

The judgment must be affirmed.

MR. JUSTICE CAMPBELL not participating.