## No. 19,110.

PEOPLE EX REL. *v.* ISABEL M. BEJARANO, ETC.
(358 P. [2d] 866)

Decided January 23, 1961.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. NEIL TASHER, Assistant, and Inheritance Tax Commissioner, Mr. FLOYD B. ENGEMAN, Assistant, for plaintiffs in error.

Messrs. MODESITT and SULLIVAN, for defendant in error.

*En Banc.*

MR. JUSTICE DOYLE delivered the opinion of the Court.

THE Colorado Inheritance Tax Commissioner seeks review by writ of error of a judgment of the county court of Denver upholding the objection of Isabel Bejarano to a report filed by the Commissioner in the estate of Julio Bejarano, deceased. The Objector is the widow of the deceased. Her objection was to the assessment of inheritance tax on one-half of the proceeds of certain employee death benefits on the ground that such proceeds had been accumulated in the states of California and Texas, her share of which was a present vested estate at the time of accumulation and not subject to tax.

According to the evidence, Julio G. Bejarano was employed by Shell Chemical Corporation or its predecessor companies from August 3, 1926, until his death October 24, 1956. During this entire period Isabel was his wife. From August 3, 1926, through July 31, 1944, and from November 1, 1945, through April 30, 1952, they lived in the community property state of California. While living there decedent as an employee of Shell contributed a percentage of his salary to company-administered trust funds. Shell made contributions which were slightly in excess of those of decedent. The total combined contribution in California amounted to $52,767.01. For a short

time the Bejaranos lived in Texas and the total amount accumulated in that state was $4,228.24.

The purpose of these trust funds was to provide for employee retirement. In order to encourage employee contributions, the company makes similar contributions. If the employment is terminated, the employee becomes entitled, after five years of employment, to all contributions plus earnings. Termination prior to five years of employment results in forfeiture of company contributions. In the event of death, the entire amount of contributions, together with earnings, goes to his beneficiary to the extent the beneficiary is entitled thereto. Thus a community property interest could not be defeated by the employee.

The Commissioner's report assessed all contributions plus earnings which had accumulated in California and Texas. The county court ruled that Isabel Bejarano had acquired a vested estate in one-half of the funds and that such interest was not subject to assessment.

The statute said by the Commissioner to apply to these proceeds is C.R.S. '53, 138-4-7, which provides:

"The transfers enumerated in section 138-4-6 shall be taxable if made: "* * * (4) By gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor."

C.R.S. '53, 138-4-6 imposes a tax on the transfer of certain enumerated property, which includes the funds involved here. The word "transfer" is defined in 138-4-3 as follows:

"The word 'transfer' as used in this article shall be taken to include the passing of property or any interest therein or income therefrom, in possession or enjoyment, present or future, or forgiveness of obligation owing to the transferor, by inheritance, descent, devise, succession, bequest, grant, deed, bargain, sale, gift in the manner described in this article."

There is also a section of the statute, 138-4-8, describing the tax treatment of property held in joint names

which contains no express provision on community property, and the last sentence of which provides that:

"Nothing in this section shall exempt all types of jointly held property from being otherwise taxable under the provisions of section 138-4-7."

The argument of the Commissioner is:

*First:* That irrespective of the community character of these funds the trust agreement under which they were held resulted in the postponement of the possession and enjoyment of the money by Mrs. Bejarano until the decease of her husband.

*Second:* That the nature of Mrs. Bejarano's interest in the community property is one which by its nature, under the laws of California and Texas, postpones its possession and enjoyment until the death of the husband. As to the requirement of a "gift or grant" it is said that the act of the husband in agreeing to participate in the retirement fund program constituted a gift or grant within the meaning of the statute.

█ The context within which this case must be considered needs some explanation. The trial court concluded that the nature of the property rights in the funds in question was dependent on the law of the states of Texas and California where they were acquired. The Commissioner concedes this approach to be the correct one. This viewpoint is set forth in 2 *American Law of Property*, sec. 7.18 (Casner ed. 1952), where the author concludes that under generally accepted principles of conflict of laws, marital interests in movables acquired during marriage are determined by the law of the domicile when acquired, and that community property retains its character as such when it is removed to a common law state. *Tomaier v. Tomaier*, 23 Cal. (2d) 754, 146 P. (2d) 905; *King v. Bruce*, 145 Tex. 647, 201 S.W. (2d) 803; *Restatement, Conflict of Laws*, sec. 292 (1934). See also 11 Am. Jur. *Community property*, sec. 9 (1937).

█ Although the Colorado statute does not expressly treat the legal consequences of holding community prop-

erty, we are of the opinion that the rights incident to this form of ownership are so plain that they are entitled to recognition when the question is whether, for tax purposes, the property has previously vested, or whether a taxable incident has occurred.

The remaining question is whether the receipt by Isabel Bejarano of the community property portion of the trust proceeds constitutes a taxable event within the meaning of C.R.S. '53, 138-4-7. For the statute to be applicable there must have been a gift or grant by decedent to Isabel Bejarano intended to take effect in possession or enjoyment at or after the death of the transferor. It is urged by the Commissioner that the agreement by decedent to participate in the retirement fund plan at Shell Company furnishes the essential act of decedent constituting a gift or grant intended to take effect in possession at the death of the decedent.

Considering the nature and character of community property, we must conclude that the property is not subject to tax. The fundamental characteristic of community property is that property acquired during the marriage is as much that of the wife as the husband. *Godey v. Godey*, 39 Cal. 157. The system has been described as: "* * * one under which husband and wife become co-owners of property acquired during the marriage by either or both through labor, industry, or skill." 2 *American Law of Property* 121, supra.

In the case at bar, the amounts which were contributed by decedent to the retirement fund and also the amounts contributed by the employer to the fund were his earnings and had the quality and character of community property as of the time of deposit into the trust fund. 11 Am. Jur. *Community Property*, sec. 20; *Lawson v. Ridgeway*, 72 Ariz. 253, 233 P. (2d) 459; *McDonald v. Lambert*, 43 N.M. 27, 85 P. (2d) 78. Cf. *McKay, Community Property* 121 (2d ed. 1925). After deposit in the trust the funds retained their community character inasmuch as the change in form does not

change the basic character of the ownership. *Crossan v. Crossan,* 35 Cal. App. (2d) 39, 94 P. (2d) 609; *United States v. Goodyear,* 99 F. (2d) 523; *Womack v. Womack,* 141 Tex. 299, 172 S.W. (2d) 307; *McBride v. McBride,* 11 Cal. App. (2d) 521, 54 P. (2d) 480. Cf. *In re Hunter's Estate,* 125 Mont. 315, 236 P. (2d) 94 and *Commonwealth v. Terjen,* 197 Va. 596, 90 S.E. (2d) 801. Both of these latter two decisions hold that real estate acquired within the respective states by payment of proceeds earned in community property states is subject to the tax. See criticism in 43 Va. L. Rev. 49, entitled *Common Law Mutilates Community Property* by de Funiak.

The language of the trust instrument that payment was to be made in case of the death of the employee to "the person entitled thereto by law" is significant. As mentioned above, this language was in recognition of rights of Mrs. Bejarano growing out of the marital relationship.

If, therefore, the rights of Mrs. Bejarano in the earnings of her husband whether retained in a fringe benefit plan or paid out to him accrued at the very outset, those rights are now entitled to recognition, and the decision of the decedent to take part in the trust was not an act or decision capable of altering these rights. In the light of this conclusion we cannot accept the Commissioner's contention that the election of decedent was a gift or a grant intended to take effect in possession or enjoyment at or after death. He was merely managing the community property which, under the laws of California, he had a right to do.

The principles applicable to this case have been applied to a related problem in *Kohny v. Dunbar,* 21 Idaho 258, 121 Pac. 544. There it was held that the intestate laws of Idaho did not operate to vest the wife's share of property in her. The Supreme Court of Idaho said:

"* * * While, therefore, the survivor in this case receives the entire community estate by reason of the death of her husband, half of it was already hers, and

the only additional interest or right she acquires in that half by reason of the death of her husband is the right of management, control, and disposition. * * *"

See also *In re Williams*, 40 Nev. 241, 161 Pac. 741.

In view of our being persuaded to accept the proposition that Mrs. Bejarano acquired rights at the outset which are entitled to recognition now, we need not consider the detailed analysis of the statutes and decisions of California submitted by the Commissioner in support of his argument that the wife's interest in the community property is less than a full vested right. It is a sufficient answer to this contention to point out that the right is vested to the extent that the death of the decedent did not under the present statute give rise to a taxable event.

The judgment is affirmed.

MR. JUSTICE McWILLIAMS did not participate.