No. 22050.

The People of the State of Colorado, and Neil Tasher, Inheritance Tax Commissioner of the State of Colorado v. Effie R. Egbert, Petitioner in the Estate of Ward Bertrand Egbert, Deceased.

(436 P.2d 116)

Decided January 8, 1968.    Rehearing denied January 29, 1968.

Duke W. Dunbar, Attorney General, James R. Riley, Jr., Assistant, for plaintiffs in error.

LENNART T. ERICKSON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WARD BERTRAND EGBERT, a resident of Denver, Colorado, died leaving his wife Effie R. Egbert as his sole heir at law. Upon Ward's death, his employer, Standard Oil Company of Indiana, paid to his wife Effie a death benefit in the amount of $13,500. The Inheritance Tax Commissioner determined that such payment constituted a taxable transfer from the deceased. He thereupon assessed an inheritance tax of approximately $300 upon the alleged transfer. Effie objected to the assessment, and the Denver probate court sustained the objection. Writ of error was prosecuted to this court to review the trial court's judgment.

The parties, per stipulation, agreed to the following facts: The decedent was employed as regional manager for Standard Oil Company. Prior to his retirement the decedent had purchased group life insurance through his employer in the amount of $48,000, and he had paid all the premiums. At the time of his retirement, Standard Oil Company exchanged his group life insurance policy for a "Certificate of Eligibility for Certain Death Benefits" in the face amount of $13,500, payable after his death to a named beneficiary designated as a dependent. The deceased's widow Effie was paid that amount by Standard Oil Company upon Ward's death, Effie being his sole dependent.

■ In an opinion handed down this date, *People v. Hollingsworth,* 164 Colo. 461, 436 P.2d 114, and in the cases cited therein, we held, and adopt the holding herein, that for the particular sections of the statute cited by the commissioner to be applicable there must be a *gift or grant by the decedent.*

■ The employee did not own, control or possess the

property from which the widow received the benefits. The benefit plan for dependents was subject to change, alteration or modification by the company during the lifetime of the retired employee, and his beneficiary was entitled only to the benefits as provided by the plan on the date of the employee's death. The benefits could not be disposed of by the employee by will and could not be made payable to his estate, but only to a named beneficiary. Although there could be a change of beneficiary, it was required that such beneficiary be in the designated classification and dependent upon the employee for support. The benefits pass directly from the company to the beneficiary named in the certificate.

It is to be noted that the Inheritance Tax Department did not attempt to classify payment of this death benefit to Mrs. Egbert as life insurance under which classification it would have been subject to the statutory exemption.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McWILLIAMS and MR. JUSTICE HODGES concur.