Opinion by
Mr. Justice Day.
By this writ of error, the Colorado Inheritance Tax *463 Commissioner challenges the correctness of a judgment of the probate court of Denver. The lower court, by its ruling, upheld the objection of Helen Hollingsworth to the assessment of an inheritance tax in her deceased husband’s estate on an annuity payable to her by the United States Government. The trial court held that the proceeds from the annuity payable under the “Civil Service Retirement Act” was not a taxable transfer.
Oscar Hollingsworth, the deceased husband of Helen, was a retired employee of the United States Bureau of Public Roads. He had been receiving a monthly annuity from the federal government for more than three years prior to his death. By virtue of the proviso contained in 5 U.S.C. prior to 1962, the decedent at the time of his retirement was receiving a reduced monthly annuity for life to enable his widow to receive upon his death, if she survived him, an annuity as provided in other sections of the retirement act. The widow’s annuity is payable to her until death or remarriage. Based on the widow’s life expectancy, the Inheritance Tax Commissioner calculated the value of the annuity as $22,436.29 and assessed the inheritance tax against her in the amount of $477.40.
The commissioner argues that when Helen Hollingsworth became entitled to receive the reduced annuity there was a “shifting of economic benefits” from Oscar, the primary beneficiary, to Helen, the secondary benificiary. The commissioner contends that because the deceased “elected” to take a lesser annuity during his lifetime it was really his “estate” which made possible the annuity for the widow. The commissioner contends the deceased chose “at retirement to receive a reduced annuity in exchange for the succession of his widow.” The commissioner equates the fact that the employee was receiving a lesser annuity as a “transfer” of something to the widow. He then argues that such a “transfer” comes within C.R.S. 1963, 138-3-6(1) and *464 C.R.S. 1963, 138-3-7(5) and (7), wherein there is imposed a tax “upon transfers, in trust or otherwise” when made by “gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor.”
The commissioner appears to' be making the same argument in this case as was advanced in People v. Bejarano, 145 Colo. 304, 358 P.2d 866. We rejected the argument in that case, and we do not sustain its validity in this case. In Bejaramo, supra, although involving a different set of facts, we held:-
“*■ * * For the statute to be applicable there must have been a gift or grant by the decedent to [the widow] intended to take effect in’ possession or enjoyment at or after the death of the transferor. * * *” (Emphasis added.)
The Civil Service Retirement Act does not create an estate for the employee. Its purpose is to assure an employee that upon leaving the federal service’ he or she will continue to have an income as security for self and family. The congressional act provides for payment of an annuity to the surviving spouse of a retired federal government employee when said notice has designated' the spouse to receive the survivor’s pension.
The only case closely in point and cited by both parties to this litigation — although interpreted differently by each — is ’ In Re Sweet’s Estate, 270 Wis. 256, 70 N.W.2d 645. In that case the taxing authorities sought to have the survivor’s annuity payable under the Federal Civil Service Retirement Act declared a taxable transfer under the Wisconsin inheritance tax statutes. In the Wisconsin case Sweet had not yet retired from his employment when he died, -and the widow became entitled to the annuity. In rejecting the contention that the annuity was taxable as an inheritance in Sweet’s estate, the Wisconsin court held that *465 there was no transfer by the deceased employee. It aptly stated the following:
“* * * ^ present we have payments due Mrs. Sweet by reason of her husband’s retirement agreement. The federal retirement system prescribes the beneficiary * * *. This beneficiary has not relinquished her rights. The payments come direct to her. * * *”
The commissioner contends that the Sweet case is distinguishable because Sweet, a federal employee, was not on retirement as was Hollingsworth, and that Sweet had not made any election. However, the widow’s right to a pension is the same whether or not the employee dies prior to or after his retirement. The essential difference— not material here — is that the retiring federal employee may at the time of his retirement notify the Civil Service Commission in writing that he desires his spouse to receive the survivor’s annuity. On his death before retirement, as in Sweet, the “election” appears to be automatic or presumed or is made by the government. In any event, it points up that the payment comes from the government and not from the deceased. Stated differently, the retiring employee cannot dispose of his annuity but may designate a contingent beneficiary only of the class prescribed by the act.
The benefits thus received by the employee’s surviving spouse do not constitute the estate of or the property of the decedent as defined in C.R.S. 1963, 138-3-2, nor do the benefits flow to the survivor from the decedent as contemplated in C.R.S. 1963, 138-3-6 and 7. The definition in section 138-3-2 reads as follows:
“The words ‘estate’ and ‘property,’ as used in this article shall be taken to' mean the real and personal property or interest therein or income therefrom, of the testator, intestate, grantor, bargainor, vendor, or donor, passing or transferred to individual legatees, devisees, heirs, next of kin, grantees, donees, vendees or successors.”
*466 It is clear from just a cursory reading of the statute that the property passing or being transferred must have been that which the decedent owned, controlled, possessed, had income from or an interest in for it to be included in property for inheritance tax purposes. What passed to Mrs. Hollingsworth had no existence prior to the decedent’s death in the form of property, but was only a right or status. The benefits were subject to change not by the employee but by the government. The right once having been created, the employee could not change or extinguish it. The nature of what was created by the government for the surviving spouse is very forcibly demonstrated in this case because after decedent Hollingsworth retired and after he had filed the designation of his spouse for survivor’s benefits, the act was amended in 1962, before Hollingsworth’s death, making certain changes for the benefit of a surviving spouse. Hollingsworth had no control over the change and it did not affect his pension one iota. One of the changes increased the benefits the widow was to receive from 50% to 55% and also provided for an increase in the pension to compensate for the rise in the cost of living. Nothing the decedent could have done would have reduced the benefits to the widow, and in the interim those benefits were liberalized and enhanced without his consent and without any cost to him. These increased benefits were a portion of what the commissioner attempted to tax, yet they did not come from any contribution made by the retired employee.
We find from the facts in the case at bar that the deceased federal employee Hollingsworth did not own, control or possess the property from which the widow now receives her benefits. The benefits passed directly to her from the federal government and not from the decedent, and are not a taxable transfer.
The judgment is affirmed.
*467 Mr. Chief Justice Moore, Mr. Justice McWilliams and Mr. Justice Hodges concur.