No. 24522.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SAGUACHE, STATE OF COLORADO *v.* KEITH H. EDWARDS, GEORGE W. MCCLURE, AND HAROLD G. NEWMYER, FOR THEMSELVES AND ON BEHALF OF ALL RESIDENTS OF SAGUACHE COUNTY, COLORADO.

(468 P.2d 857)

Decided May 4, 1970.

SCHNEIDER, SHOEMAKER, WHAM and COOKE, J. FRED SCHNEIDER, for plaintiff in error.

ROBERT W. OGBURN, for defendants in error.

KENNETH G. BUECHE, for Colorado Municipal League as amicus curiae.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

THIS writ of error involves the requirement of C.R.S. 1963, 35-3-6 that each county shall be divided into compact county commissioner districts which shall be as nearly equal in population as possible.

Alleging that the three county commissioner districts of Saguache County were substantially unequal in population, the defendants in error, referred to hereinafter as plaintiffs, sought, and after trial to the court, obtained a judgment in mandamus against the plaintiffs in error, the County Commissioners of Saguache County. This judgment ordered the county commissioners to promptly redistrict the county by dividing it into three compact districts as nearly equal in population as possible.

The County Commissioners challenge this judgment by arguing, in effect, that C.R.S. 1963, 35-3-6 does not "impose a positive or imperative duty" upon the commissioners to redistrict and therefore this judgment in mandamus is erroneous. The commissioners also argue and claim that the plaintiffs, for themselves and on behalf of all residents of Saguache County, have no "immediate and complete legal right to the thing demanded." We find no merit in the commissioners contentions for reversal and we therefore affirm the trial court's judgment.

The evidence before the trial court reveals the following undisputed facts:

The boundaries of the three commissioner districts of Saguache County have not been changed for over 40 years. As established by the 1960 United States census, the population in each of the three commissioner districts was:

No. 1 — 157 persons or approximately 3½% of the population.

No. 2 — 2,906 persons or approximately 65% of the population.

No. 3 — 1,410 persons or approximately 31½% of the population.

All of the witnesses who testified on the subject were

of the opinion that since 1960, the total population of Saguache County had declined to some extent, however, as of the time of trial, the percentage of total population in each commissioner district was about the same as shown above.

Although in previous years there have been unsuccessful efforts made to have predecessor county commissioners redistrict, the instant proceedings originated when over 80 citizens and taxpayers of Saguache County petitioned these county commissioners on or about October 7, 1968 to redistrict in compliance with C.R.S. 1963, 35-3-6. The petitions were presented at a regular meeting of the commissioners. No action was taken by the commissioners at that meeting or at any subsequent meeting up to and including July 14, 1969 when the trial commenced. The statute involved here, C.R.S. 1963, 35-3-6, provides:

"Each county shall be divided into as many compact districts *by the county commissioners* as there are county commissioners in the county; such districts to be as nearly equal in population as possible. They shall be numbered consecutively and shall not be subject to alteration oftener than once in two years. One commissioner shall be elected from each of such districts by the voters of the whole county. If any commissioner, during his term of office, shall remove without the district in which he resided when elected, his office shall thereupon become vacant. *All proceedings by the county commissioners in formation of such districts not inconsistent herewith are hereby confirmed and validated."* (Emphasis added.) The statute was last amended in 1963 by adding the words underlined above. Session Laws of Colorado 1963, Chapter 89.

The commissioners' argument that this statute does not, in fact, impose a positive duty upon the commissioners to redistrict is, in our view, without substance. The statute specifically provides that each county in the state shall be divided by the county commissioners into

compact districts as nearly equal in population as possible. We held in *City of Colorado Springs v. Street,* 81 Colo. 181, 254 P. 440 that where the word "shall" is used in a statute, it is presumed to be mandatory and that such presumption may only be overcome if it is necessary to construe the word as "may" to give effect to legislative intent. See also *Swift v. Smith,* 119 Colo. 126, 201 P.2d 609. In our view, the presumption is applicable here, and when the legislature used the word "shall," it intended to impose upon the county commissioners a mandatory duty and not suggest merely a permissive or discretionary act.

Furthermore, when the legislature in 1963 amended this statute by adding the words "by the county commissioners," we believe it to be obvious that it was the legislature's intent to make it clear and unmistakable that the county commissioners henceforth had the duty and responsibility to maintain their commission districts as compact districts with populations as nearly equal as possible.

The current mal-apportionment of the commissioner districts of Saguache County, the clear mandate of the statute in its present form, and the failure of the commissioners to perform their duty as required by the statute presents compelling support for the trial court's judgment. The statute is tantamount to a command upon the county commissioners to properly apportion their commissioner districts. Either neglecting or refusing to obey this command amounts to a disregard of statutory duty in not taking affirmative action. The functions of a board of county commissioners under this statute are administrative, *Coates v. Board of County Commissioners of Prowers County,* 74 Colo. 374, 221 P. 1090, and it cannot evade its responsibility to take the necessary affirmative action where such is required to correct mal-apportionment of commissioner districts.

The judgment here, which includes a peremptory writ of mandamus, is justified where there has been

a failure to perform a statutory duty or a refusal to adhere to a statutory responsibility. Either the failure within a reasonable time or the refusal to act upon the petition of citizens when redistricting is required in order to comply with the law, is a proper basis for judicial intercession. It is well established that to compel the performance of an act which the law specifically enjoins upon public officers as a duty, mandamus is the proper and effective remedy. See *Stratton v. People,* 18 Colo. App. 85, 70 P. 157.

C.R.S. 1963, 35-3-6 in its present form, or prior to the 1963 amendment has not been before this court in any case. Similar statutes of other states have been the subject of review in *State v. Jones,* 114 Kan. 726, 220 P. 275 and *State ex rel. Mason v. Board of County Commissioners,* 146 Wash. 449, 263 P. 735. In those cases, mandamus was upheld as a remedy to require county commissioners to comply with the statute.

Judgment affirmed.