540 P.2d 1136 (1975)
Harry O. LAWSON, as State Court Administrator, Plaintiff-Appellee,
v.
PUEBLO COUNTY et al., Defendants-Appellants.
No. 74-408.
Colorado Court of Appeals, Div. III.
September 3, 1975.
*1137 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edwin L. Felter, Jr., Asst. Atty. Gen., Denver, Bernard S. Kamin, Asst. Atty. Gen. (On Opening Brief), Irvin Kent, Asst. Atty. Gen. (On Opening Brief), for plaintiff-appellee.
J. E. Losavio, Jr., Dist. Atty., Cecil Turner, Asst. Dist. Atty., Douglas E. Anderson, Deputy Dist. Atty., Edwin K. McMartin, Pueblo County Atty., Pueblo, for defendants-appellants.
Selected for Official Publication.
STERNBERG, Judge.
This is an appeal from a judgment of the district court ordering the County Commissioners of Pueblo County to make available to the judiciary certain specific space in the County Courthouse for use as a courtroom, judge's chambers, and jury room. We affirm in part and reverse in part and remand the cause for further proceedings.
In 1973, the General Assembly, by § 13-5-111(2), C.R.S.1973, authorized the addition of a fifth District Judge in the Tenth Judicial District. The General Assembly appropriated sufficient monies for salaries and equipment, but none for capital construction. The chief judge of that district, the Honorable Matt J. Kikel, called to the attention of the Board of County Commissioners of Pueblo County the fact that the new judge would require physical facilities sufficient for a courtroom and attendant office space to enable him to perform his judicial duties. Thereafter, discussions and correspondence took place between Judge Kikel and the County Commissioners culminating in the former's request that specific space located in the northwest corner on the first floor of the courthouse be made available for use by the new judge.
The County Commissioners refused to allocate the requested space, but instead, offered other quarters in the building. Chief Judge Kikel deemed this space inadequate and reported the impasse to the Chief Justice of the Supreme Court of Colorado who authorized and directed the *1138 State Court Administrator, Harry O. Lawson, plaintiff in this suit, to attempt to work out a solution. According to Lawson's testimony, the Chief Justice instructed him to make "whatever arrangements regarding space that I saw fit."
Mr. Lawson went to Pueblo and met with the County Commissioners in January of 1974. The Commissioners offered to convert some facilities in the building for judicial purposes, and eventually did provide two small rooms, but these were considered unsatisfactory by Judge Kikel and Mr. Lawson.
To resolve this impasse, this action in the nature of mandamus was initiated. At trial, the court, based upon a wealth of evidence, found both the rooms provided and the space tendered to be "totally inadequate as courtroom facilities or as chambers for a judge for the conduct of even informal conferences therein." The trial court ordered the County Commissioners to provide for the use of the courts of the Tenth Judicial District the space in the northwest corner of the first floor desired by Judge Kikel and the County Commissioners appeal from that order.

OBLIGATION OF THE COUNTY TO PROVIDE JUDICIAL FACILITIES
Historically, Colorado law has placed the duty of providing a suitable courthouse upon the County Commissioners of each county. See, e. g., § 30-11-104, C. R.S.1973. In 1969, by amendments adopted to Chapter 37, C.R.S.1963, the General Assembly indicated its intention to take over from the counties the financial burden of providing judicial facilities. However, the General Assembly provided in § 13-3-108(1), C.R.S.1973, with certain exceptions not pertinent here, that the County Commissioners "shall continue to have the responsibility of providing and maintaining adequate courtrooms and other court facilities . . .." Looking to this statute, the trial court observed in its findings that despite efforts by the judicial administrator to procure appropriate legislation, the General Assembly has not provided funds for the construction of court facilities in the various counties of the state. Thus, it concluded that the burden of providing courtroom space and facilities remains with the counties. We agree with the trial court's interpretation of the statute.

SPECIFICITY OF THE ORDER
Relief in the nature of mandamus is a proper remedy to force compliance with a statute where the language of the statute is mandatory and invests continuing responsibility. See Board of County Commissioners v. Edwards, 171 Colo. 499, 468 P.2d 857. The language of § 13-3-108(1), C.R.S.1973, meets this test, and thus, an action in the nature of mandamus is available as a proper means of enforcing the statute.
Indeed, to deny a remedy to the judiciary here would not only make that branch of government subservient to the arbitrary action (or inaction) of the executive branch but would also allow the executive branch to ignore, with impunity, the specific directives of the legislative branch. The significance of maintaining the independence of the judiciary is well stated in Smith v. Miller, 153 Colo. 35, 384 P.2d 738:
"`[I]t is the genius of our government that the courts must be independent, unfettered, and free from directives, influence, or interference from any extraneous source. It is abhorrent to the principles of our legal system and to our form of government that courts, being a coordinate department of government, should be compelled to depend upon the vagaries of an extrinsic will. Such would interfere with the operation of the courts, impinge upon their power and thwart the effective administration of justice. These principles, concepts, and doctrines are so thoroughly embedded in our legal system that they have become bone and sinew of our state and national polity.. . .'"
*1139 In this case, however, the relief sought and granted was that a specific location in the courthouse be provided. Defendants contend and we agree that since the obligation placed on the County Commissioners by the statute was to provide "adequate" facilities, which term is not defined by the statute, the court went too far in ordering that a specific location be made available to the judiciary.
We have quoted above from Smith v. Miller regarding the need for an independent judiciary. It is a corollary to that proposition that the executive must also function independently within its sphere of operation. That is, as also stated in Smith:
"`It is an ingrained principle in our government that the three departments of government are coordinate and shall cooperate with and complement, and at the same time act as checks and balances against one another but shall not interfere with or encroach on the authority or within the province of the other.'" (emphasis supplied)
In homage to this principle, we rule that, while an action in the nature of mandamus will lie to enforce the statute at issue, a judgment designating one alternative course of action that the County Commissioners must follow in meeting the requirements of the statute constitutes an unacceptable intrusion into the exclusive province of the executive branch of government. And, accordingly, the specific course of action to be followed by the County Commissioners in complying with the statute and with the mandamus judgment must be one of their choosing.
The record indicates that there are suitable locations for the courtroom other than the space in the northwest corner of the first floor of the present courthouse. The court therefore erred in directing the commissioners to make available that particular space without allowing the Board to exercise its discretion in meeting the requirement of providing "adequate" space.
To achieve compliance with the statute without undue encroachment upon the prerogatives of the County Commissioners, the judgment entered should have given reasonable guidelines delineating what would constitute "adequate" space and then should have directed that the space and related facilities be provided within a specific time. Included among the guidelines should be such physical requirements as dimensions, partitions, ventilation, security of prisoners, etc., as well as other details which would lead to creation of courtroom facilities of a character and quality commensurate with the proper and effective administration of justice.
We have considered the other allegations of error urged by the defendants and find them without merit. We remand this matter to the trial court with directions to enter an order consistent with the views herein expressed and for such further proceedings prior thereto which the court in its discretion may deem necessary.
Judgment affirmed in part and reversed in part and the cause remanded with directions.
RULAND and VanCISE, JJ., concur.