Mr. Steven V. Berson Director Inheritance and Gift Tax Division 318 State Office Building Denver, Colorado 80203
Dear Mr. Berson:
You have requested my opinion on the question of whether certain benefits paid pursuant to military retirement plans, the Survivor Benefit Plan (SBP) and Retired Serviceman's Family Protection Plan (RSFPP), are subject to inheritance tax.
It is my understanding that two years prior to retirement eligibility, a serviceman must elect whether to: (1) accept full retirement pay; or (2) accept a reduced amount and designate a beneficiary from among a limited group, consisting of spouse and dependent children, or lacking either, to any person with an insurable interest. The cost to the retiree and benefits paid will be determined by the option elected by the retiree.
Under the RSFPP, a retiree is entitled to full retirement pay unless he elects to be covered under the plan. Participation in the SBP is automatic unless the retiree elects not to participate and thereby receive full retirement pay. With the exception of service men retiring without spouses or dependent children, an election once made under a plan may not be changed after retirement.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Do servicemen under the RSFPP or the SBP have a "right to designate beneficiaries" thus making such plans taxable pursuant to section 39-23-107, C.R.S. 1973?
 The right of a serviceman to elect to receive full retirement pay or to receive a lessor amount and designate the beneficiaries of certain survivor benefits, even though limited, constitutes a "right to designate beneficiaries" under the provisions of C.R.S. 1973, 39-23-107(1), as amended. Except for the election and designation, there would be no survivor's benefits.
2. If it is determined that under certain circumstances a service man does not have a right to designate beneficiaries, are there any other incidents of ownership which would make the proceeds subject to Colorado inheritance tax?
 Since the answer to the first question is yes, the second question is academic.
3. In all cases where death benefits under the RSFPP or SBP would be taxable pursuant to subsection (1) of section 39-23-107, would not the $75,000 exemption be available pursuant to subsection (2) of that section?
 Consistent with the answer to question one, any benefits transferred under the SBP or RSFPP are made to a beneficiary designated or described by the retiree and entitled to the $75,000 exemption contained in C.R.S. 1973, 39-23-107(2).
ANALYSIS
Statutory History
The statutory predecessors to C.R.S. 1973, 39-23-107 contained no reference to taxation or exemption of pension benefits until 1966. At that time, subsection (3) was added to C.R.S. 1963, 138-3-9, which exempted pension benefits payable under the Public Employees Retirement Act, Public School Retirement System and Policy and Firemen Retirement Systems (cities over 100,000). 1966 Session Laws, ch. 41, section 2, p. 196. The following year the exemption was repealed. 1967 Session Laws, ch. 148, section 2, p. 188.
At the same time as the exemption was repealed, the legislature amended C.R.S. 1963, 138-3-9 to include "pension benefits" as entitled to a pro rata portion of the $75,000 exemption together with insurance policies and annuities. 1967 Session Laws, ch. 148, section 1, p. 188.
In the case of People v. Hollingsworth, 164 Colo. 461,436 P.2d 114 (1968) the Colorado Supreme Court held that proceeds of a Federal Civil Service Retirement Act pension paid to a surviving spouse were not subject to inheritance tax. However, it should be noted that the court was interpreting a different statute (C.R.S. 1963, 138-3-2, 3, 6 and 7), and not the above-cited section 9. Also, since Mr. Hollingsworth died June 22, 1963, neither the 1967 nor 1968 amendments were considered by the court.
In 1975, the legislature repealed the entire section 9 (presently C.R.S. 1973, 39-23-107), and re-enacted it to specifically include pension plans in which the decedent had a right to designate beneficiaries. It is submitted that the legislature acted with the full knowledge of Hollingsworth_,supra, and by reference to payments under pension plans, intended to change the result of said case. Intent to change rather than continue is presumed in statutory enactment. In People v. Denver, 84 Colo. 576, 272 P. 629 (1928), the Colorado Supreme Court stated:
 A statutory amendment, instead of implying an intent to reiterate, implies an intent to change the amended law.
At p. 579. (Emphasis supplied.)
The statutes of nine states specifically exempt payments under SBP and RSFPP. Alabama, Alaska, Arkansas, Florida, Georgia, Kentucky, New Mexico, New York and Ohio.
Colorado has rejected the specific exemption of certain "favored" pension plans (e.g., 1967 Session Laws, supra), and instead provided for uniform inheritance taxation of all pension benefits, whether public or private, where the decedent had a right to designate a beneficiary. Such payments are subject to a $75,000 exemption.
Legal Discussion
C.R.S. 1973, 39-23-107, as amended in 1975, is as follows:
 39-23-107. Proceeds of insurance policies, annuities, pension and profit-sharing plans. (1) Proceeds of life insurance policies on the life of a decedent, in which he had any of the incidents of ownership, annuity contracts issued by life insurance companies which are owned by the decedent, and payments by reason of pension or profit-sharing plans in which the decedent had a right to designate beneficiaries whether or not the decedent contributed to the plan shall be taxable.
(Emphasis supplied.)
 (2) There shall be allowed an exemption of seventy-five thousand dollars with respect to the proceeds of such life insurance on the life of the decedent, annuity contracts with life insurance companies, and payments made pursuant to pension and profit-sharing plans to the beneficiaries designated or described by the decedent, except when such payments or proceeds are paid or payable to the estate of the decedent. Said exemption of seventy-five thousand dollars shall be prorated among the beneficiaries of such insurance policies, annuity contracts, and pension or profit-sharing plans in accordance with the amounts payable to them respectively, and shall be in addition to all other exemptions allowable to them, respectively, as provided in this article.
(Emphasis supplied.)
In summary, paragraph (1) provides that payments by reason of a pension plan in which the decedent had a right to designate beneficiaries, whether or not contribution was made to the plan, shall be taxable.
The term "shall be taxable" has been construed as mandatory and therefore provides positive statutory direction for taxation of pension payments. Colorado courts have supported such interpretation. People v. Estate ofWaterman, 108 Colo. 263, 116 P.2d 204 (1941);Swift v. Smith, 119 Colo. 126, 201 P.2d 609 (1948);Board of County Commissioners of Saguache Countyv. Edwards, 171 Colo. 499, 503, 468 P.2d 857 (1970).
The primary issue is whether the options contained in the two plans constitute a right to designate a beneficiary. It is my opinion that they do. There is no statutory requirement that such right be exercised to allow a tax to be imposed on the payment. The existence of the right "triggers" taxation of the payment. The fact that the right has been irrevocably exercised is immaterial.
The fact that the class of beneficiaries among whom a retiree may designate the benefits is limited does not affect the taxability of the payments. The inclusion in a decedent's taxable estate of property interests over which the decedent had only a very limited right to designate or elect a settlement option has been upheld in two recent federal decisions. In reEstate of Lumpkin, 474 F.2d 1092 (CA-5, 1973) the court held that proceeds of an insurance policy were includable in a decedent's gross estate even though the only power exercisable by the insured was the right to elect among certain limited settlement options. More recently, in Terriberry, etal. v. U.S., 517 F.2d 286 (1975), cert.denied, U.S. Supreme Court, the Court determined that a surviving wife had effectively retained all incidents of ownership in the insurance proceeds in trust and none was possessed by the decedent. However, the Court held that the entire amount of the insurance proceeds was properly included in his taxable estate since the decedent possessed the right to elect limited settlement options in a fiduciary capacity. Both of these cases parallel the present SBP/RSFPP situation, and in light of the Colorado statute, section 107(1), require taxation of payments received under the two plans.
It also follows that these payments are properly entitled to the exemption provided in 107(2).
SUMMARY
Military retirement benefits are subject to state inheritance tax, but are also entitled to a pro rata portion of the $75,000 exemption.
Very truly yours,
 J.D. MacFARLANE Attorney General
RETIREMENT SYSTEMS INHERITANCE TAXATION AND REVENUE
C.R.S. 1973, 39-23-107(1) C.R.S. 1963, 138-3-9
REVENUE, DEPT. OF Inheritance Tax
Military retirement benefits are subject to state inheritance tax, but are also entitled to a pro rata portion of the $75,000 exemption.