James D. Thomas State Court Administrator Colorado State Judicial Department Colorado State Judicial Building 2 East Fourteenth Avenue Denver, CO 80203
Dear Mr. Thomas:
QUESTIONS PRESENTED AND CONCLUSIONS
On behalf of the State Judicial Department, you have requested an attorney general opinion interpreting C.R.S. 1973, 13-3-108
(Supp. 1978). Specifically, you ask: Is air conditioning considered a part of a state court facility, and therefore, the furnishing of which is a duty of the City and County of Denver?
Can the City and County of Denver use the agreement between Harry Lawson, the former state court administrator, and representatives of the City and County of Denver, as a basis for refusing to consider or provide air conditioning in the State Courts?
 The answer to your first question is that the City and County of Denver has the continuing responsibility of providing and maintaining adequate courtrooms and other court facilities. This has been interpreted to include all physical requirements, specifically ventilation and related items, such as air conditioning.
 In answer to your second question, any contract or agreement, such as the one between Harry Lawson and the City and County of Denver, which is in derogation of the statute, is void. Thus, the contract cannot shift responsibility to the state where the statute specifically placed such responsibility on the county.
ANALYSIS
Colorado, by statute, has delineated the respective responsibilities of the state and local governments with regard to the funding of courts and their facilities. C.R.S. 1973,13-3-104 states that:
 On and after January 1, 1970, the state of Colorado shall provide funds by annual appropriation for the operations, salaries, and other expenses of all courts of record within the state, except for county courts in the City and County of Denver and municipal courts. On January 1, 1970, all supplies and equipment assigned or belonging to courts of record, except motor vehicles, shall be transferred to and become the property of the judicial department of the state.
Specifically excluded from state funding are the municipal courts and the county courts in Denver. To the extent the City and County Building houses municipal and county courts, the state has no responsibility of any sort under the statute, including providing air conditioning.
With regard to district courts, the state's obligation to the Second Judicial Department is to fund, through appropriation by the legislation, the "operations, salaries, and other expenses." These terms are not defined by the statute, but in their ordinary usage relate to the services or functions being provided by the courts, not the physical facilities or capital improvements.
By statute, the counties continue to have primary responsibility for the physical facilities. C.R.S. 1973, 13-3-108 (Supp. 1978). That section provides, in pertinent part, that:
 (1) The board of county commissioners in each county shall continue to have the responsibility of providing and maintaining adequate courtrooms and other court facilities including janitorial service. . . .
The term "adequate" is not defined in the statute.
The statutory division of responsibility between the state and local governments concerning courts and their facilities has been interpreted in Lawson v. Pueblo County, 36 Colo. App. 370,540 P.2d 1136 (1975). The court of appeals found that the county was required to provide adequate facilities for a newly appointed judge. In Lawson, the court of appeals attempted to outline in general terms what constitutes "adequate." The court of appeals, in remanding the suit, asked the district court to enter a judgment giving reasonable guidelines delineating "adequate" space. The court of appeals stated:
 Included among the guidelines should be such physical requirements as dimensions, partitions, ventilation, security of prisoners, etc., as well as other details which would lead to creation of courtroom facilities of a character and quality commensurate with the proper and effective administration of justice.
540 P.2d at 1139.
Thus, an "adequate" facility to be provided by the counties requires proper ventilation, which would include air conditioning.
This decision is consistent with an earlier opinion of the attorney general. On October 1, 1969, then Attorney General Duke Dunbar issued opinion No. 69-4366 to Harry Lawson, state court administrator, interpreting C.R.S. 1963, 37-11-10, as amended, which is now C.R.S. 1973, 13-3-108 (Supp. 1978). In his analysis of the statute, the attorney general opined that "the word `adequate' implies the commissioners will see to it that the courts have the facilities necessary to carry out their business."
The statutory language and the case of Lawson v. Pueblo
indicates that air conditioning is part of the "facility" to be provided by the county.
On March 15, 1972, the state court administrator and the City and County of Denver signed a document entitled "Listing of Agreement Regarding Building Maintenance." The focus of the agreement is the operation and maintenance of the building, and reconfirms the statutory mandate that the counties are responsible for maintaining "adequate" facilities. The agreement goes on, in a statement of policy, to state that maintenance of adequate facilities covers the full range of operational and maintenance services, but is applicable to real estate and improvements, not to personal property. Air conditioning equipment is considered personal property for the purposes of this agreement, and therefore not the responsibility of the City and County of Denver. Although room air conditioners are not the responsibility of the City and County of Denver under this agreement, the agreement does not specifically make them the responsibility of the state either. Thus, the agreement by its own terms does not place the burden for air conditioning directly on the state.
SUMMARY
If the agreement is interpreted to place the responsibility for air conditioning on the state, it is an invalid agreement. Any contract entered into which is derogation of a statute affecting the public policy of the state is void. SeeUniversity of Denver v. Industrial Commission,138 Colo. 505, 335 P.2d 195 (1959); Forker v. Hopkins,64 Colo. 325, 171 P. 361 (1918). Thus, the statute placing the burden of providing facilities to the courts on the counties cannot be altered by contract.
Very truly yours,
 J.D. MacFARLANE Attorney General
COURTS COUNTY COURTHOUSE COURTS, DISTRICT COURTHOUSE
C.R.S. 1973, 13-3-108
C.R.S. 1973, 13-3-104
JUDICIAL BRANCH Judicial Department
City and County of Denver has the responsibility of providing adequate courtroom facilities for judges, including air conditioning if necessary. The State Judicial Department is not obligated to provide such facilities.