Argued October 11; affirmed December 28, 1938; rehearing denied
January 24, 1939

IN RE LEWIS' ESTATE

FIRST NATIONAL BANK OF PORTLAND ET AL. *v.*
HOLMAN

(85 P. (2d) 1032)

*P. W. Cookingham* and *Harry Lehrer,* both of Portland (Homer Angell, P. W. Cookingham, Leo J. Hanley, and Harry Lehrer, all of Portland, on the brief), for appellants.

*Dean Dickinson,* of Portland (I. H. Van Winkle, Attorney-General, on the brief), for respondent.

BAILEY, J.   This case involves the constitutional validity of so much of chapter 13, Oregon Laws 1935 (§ 10-603a, Oregon Code 1935 Supplement), as provides that the federal estate tax shall not be deducted from the gross value of the taxable estate of a decedent in ascertaining the net value of such estate for the purpose of computing the amount of inheritance tax payable to the State of Oregon.

Lucius Allen Lewis died testate in Portland, Oregon, September 19, 1935. To a daughter, Clementine Lewis Bowser, he bequeathed the sum of $10,000, and the balance of his estate he left to the First National Bank of Portland, Oregon, in trust for his widow, the above-named daughter and a grandson. The gross taxable estate was appraised at $187,374.18. From this amount were deducted claims against the estate, costs of administration, the widow's allowance and other

items amounting to $30,658.91, leaving a net taxable estate of $156,715.27, as determined by the circuit court. The court, however, refused to allow as a deduction from the gross taxable estate the sum of $11,934.15 paid by the executors as federal estate tax. The amount of inheritance tax due the State of Oregon on such net taxable estate was computed by the circuit court as $4,610.76. Had the amount of the federal estate tax been deducted from the gross taxable estate, the inheritance tax due the State of Oregon would have amounted to only $4,014.05.

From the order and decree of the circuit court determining the net taxable estate and the amount of inheritance tax due the state the executors of the estate of Lucius Allen Lewis, deceased, have appealed, assigning as error the refusal of the circuit court to allow as a deduction from the gross taxable estate the amount paid as federal estate tax.

It is the appellants' contention that the Oregon inheritance tax is a tax on the right to receive and must be measured by the amount of the inheritance which the beneficiary actually receives; and that therefore, since § 10-603a, Oregon Code 1935 Supplement, does not permit deducting from the gross taxable estate of a decedent the amount of the federal estate tax in ascertaining the net taxable estate it is violative of the fourteenth amendment of the federal constitution, in that it deprives those entitled to a decedent's estate of property without due process of law. In other words, it is argued by the appellants that if the federal estate tax is not deducted from the gross estate, then the amount of the state inheritance tax is based not on what is actually received, but on that amount with the federal estate tax thereto added.

Prior to the passage of chapter 13, Oregon Laws 1935, it had been the practice in this state, in compliance with the decisions of this court and rules promulgated by the state treasurer, in fixing the amount of inheritance tax due the state to deduct from the gross taxable estate indebtedness owing by the decedent at the time of death, funeral expenses and expenses in connection with the administration of the estate, and a number of other items, including the amount of the United States estate tax, if any. Authority for deducting the federal estate tax previous to the enactment of chapter 13, *supra,* was derived from *In re Inman's Estate,* 101 Or. 182 (199 P. 615, 16 A. L. R. 675).

The legislature, in chapter 13, *supra,* directed that in ascertaining the net value of an estate for computing inheritance tax the following deductions, and no others, be made from the gross value of the taxable estate: (a) claims allowed against the estate owing at the time of death, and mortgages or other liens against the decedent's property; (b) expenses of funeral and any amount not exceeding $500 actually expended or to be expended for a monument or memorial; (c) all state, county and municipal taxes which were a lien against the property of the estate at the date of death; (d) income or gift taxes of the United States or the state of Oregon owing at the date of death, *but not United States estate taxes*; (e) ordinary expenses of administration, including fees allowed executors or administrators and reasonable attorneys' fees; (f) any allowance made and paid during the settlement of the estate for the support of the widow and minor children, not exceeding an aggregate of $3,500; and (g) the value of any property set aside to the surviving spouse or minor children under the provisions of § 11-402, Oregon Code 1930, not exceeding $3,000.

Section 2 of chapter 13 provides that the rate of tax prescribed in the first paragraph of chapter 199, Oregon Laws 1933 (§ 10-603, paragraph 1, Oregon Code 1935 Supplement), shall be applied to the entire net estate, and "the tax thus computed shall be apportioned to each distributive share of the estate in the ratio which each distributive share bears to the net estate."

In passing on the question here presented it is well to keep in mind certain provisions of the inheritance tax law of this state. Section 10-601, Oregon Code 1935 Supplement, specifies that "all property within the jurisdiction of the state, and any interest therein,. . . . which shall pass or vest by . . . will or by statutes of inheritance . . . shall be and is subject to tax at the rate hereinafter specified in § 10-603".

Section 10-603, Oregon Code 1935 Supplement, contains three paragraphs, and in considering those separate paragraphs it should be noted that § 2 of chapter 13, Oregon Laws 1935, requires that the rate of tax prescribed in the first paragraph of § 10-603, Oregon Code 1935 Supplement, shall be applied to the entire net estate after allowance of the deductions authorized in § 1 of that act. The first paragraph of § 10-603, *supra*, provides that the "rates of tax on all estates as provided in § 10-601 shall be as follows:" on any amount in excess of $10,000 up to and including $25,000, one per cent; and then the tax is graduated on amounts above $25,000, reaching a maximum of fifteen per cent on any amount in excess of $1,500,000. It is further provided in the said section that "the above tax on the estate shall be in full for all inheritance tax on any devise, bequest, legacy, gift . . . which shall pass to or for the use or benefit of any grandfather, grand-

mother, father, mother, husband, wife, child or step-child or any lineal descendant of the deceased.''

The second paragraph is to the effect that when any inheritance, devise, bequest, legacy, etc., shall pass to or for the use or benefit of any brother, sister, uncle, aunt, niece, nephew, or any lineal descendant of the same, ''in every such case, in addition to the tax levied on such estate, such person shall pay an inheritance tax as follows:'' on any amount in excess of $1,000 up to and including $3,000, one per cent, with the rate increasing progressively as the amount of the devise or bequest increases.

The third paragraph of this section specifies that ''in all other cases, in addition to the tax levied on such estate'' the devisee or beneficiary ''shall pay an inheritance tax'' at an even higher rate than prescribed in the second paragraph.

The rate of tax specified in paragraph 1 of this section (§ 10-603) is based on the value of the estate and not on the devises or legacies received by the individual beneficiaries named in the said paragraph. On the other hand, the beneficiaries named in paragraphs 2 and 3 of this section are required to pay an additional tax in proportion to the amounts respectively received by them. In other words, in all instances there is exacted a tax based on the value of the entire net estate, without regard to who the beneficiaries may be or the value of the inheritance received by them. That tax, according to paragraph 1, is ''in full for all inheritance tax'' on such part of the estate as passes to the surviving spouse and lineal heirs of the decedent.

The rate of tax prescribed in this paragraph is to be applied, according to § 2 of chapter 13, to the net estate defined by § 1 of that act. Nowhere in chapter

13 is it provided that the additional tax prescribed by the second and third paragraphs of § 10-603, *supra*, shall be applied to the entire net taxable estate as defined by § 1 of said chapter 13. In the case before us the beneficiaries under the will of the decedent are his lineal descendants and his widow. Therefore, the amounts received by them are not affected by the provisions of the second and third paragraphs of § 10-603, *supra*. The amount of inheritance tax which is due the state of Oregon under paragraph 1 of this section is, however, required by § 2 of chapter 13, *supra*, "to be apportioned to each distributive share of the estate in the ratio which each distributive share bears to the net estate."

The federal estate tax is a tax on the right to transfer or transmit property at death. The Oregon inheritance tax, on the other hand, is a tax on the right or privilege of the living to receive property from the dead. The former tax looks to the estate or interest which was ended by death, and the latter to the estate which was newly created by death: *In re Clark's Estate*, 100 Or. 20 (195 P. 370); *In re Inman's Estate*, supra. Both taxes are commonly referred to as death duties, and neither is a direct tax on property nor a capitation tax: *In re Inman's Estate*, supra, and authorities therein cited. Both of these taxes "rest in their essence upon the principle, that death is the generating source from which the particular taxing power takes its being and that it is the power to transmit or the transmission from the dead to the living on which such taxes are more immediately rested": *Knowlton v. Moore*, 178 U. S. 41 (44 L. E. 969, 20 S. Ct. 747).

In referring to the respective rights of both federal and state governments in the matter of taxation, the

Supreme Court of the *United States in Knowlton v. Moore,* supra, observed:

"Under our constitutional system both the National and the state governments, moving in their respective orbits, have a common authority to tax many and diverse objects, but this does not cause the exercise of its lawful attributes by one to be a curtailment of the powers of government of the other, for if it did there would practically be an end of the dual system of government which the Constitution established."

See, also, in this connection: Cooley on Taxation, 4th Ed., § 104; *Whiteaker v. Haley,* 2 Or. 128; *Hazard v. Bliss,* 43 R. I. 431 (113 Atl. 469, 23 A. L. R. 826).

The appellants' contention that the amount of the federal estate tax should be deducted from the gross taxable estate in order to arrive at the net taxable estate is grounded to a large extent on the decision in *In re Inman's Estate,* supra, wherein this court referred to the federal estate tax as a toll gate through which all estates subject to that tax must pass before any right to the property in favor of the beneficiaries attaches. At the time that the Inman Estate case was before this court the law did not specify what deductions should be made from the gross estate, and based upon what was then understood as the intention of the legislature, it was held that the federal estate tax should be deducted before applying the rate of taxes prescribed by the Oregon inheritance tax law.

We are here met with a situation somewhat similar to that which confronted the supreme court of the United States in *Stebbins v. Riley,* 268 U. S. 137 (69 L. E. 884, 45 S. Ct. 424, 44 A. L. R. 1454). In that instance it was urged that the decision in *Knowlton v. Moore,* supra, was in conflict with the conclusion therein reached by the court. After stating that it did not so

read the opinion in *Knowlton v. Moore,* the court observed:

"It was there held that an act of Congress fixing a graduated tax upon legacies was within the taxing power of the United States. In construing that law, however, the question arose whether the progressive rate of tax which it imposed upon legacies or distributive shares of decedent's estate should be measured, not separately, by the amount of each legacy or distributive share, but by the total amount of the estate transmitted. This court held that inasmuch as the statute laid down no express rule determining the question, it would adopt the construction which produced the least inconvenience and inequality to taxpayers, and that the tax should therefore be measured and apportioned according to the amount of each individual legacy, rather than the amount of the whole estate. The question was one of construction only, and not of constitutional power."

*In re Inman's Estate,* supra, involved the construction of the Oregon inheritance tax law as it then existed and did not concern the constitutional right of the legislature to provide that the federal estate tax should not be deducted from the gross taxable estate in determining the net estate subject to the Oregon inheritance tax. The appellants have not called our attention to any decision holding that the legislature did not have a constitutional right to enact chapter 13 *supra.* They do, however, direct attention to a decision of the supreme court of the United States relating to an income tax law, which they claim is applicable by analogy to the situation before us. We shall later discuss that decision.

In *Stebbins v. Riley,* supra, there was involved a question closely similar to, if not practically identical with, that in the case at bar. That case concerned the constitutionality of the inheritance tax law of the state

of California enacted in 1917, which prescribed the method of determining the market value of property transferred, for the purpose of fixing the amount of the state inheritance tax. The law in question expressly provided that in determining the market value of the property transferred, no deduction should be made for any inheritance tax or estate tax paid to the government of the United States. In upholding the constitutionality of the California act the United States supreme court said:

"There are two elements in every transfer of a decedent's estate: the one is the exercise of the legal power to transmit at death; the other is the privilege of succession. Each, as we have seen, is the subject of taxation. The incidents which attach to each, as we have observed, may be made the basis of classification. We can perceive no reason why both may not be made the basis of classification in a single taxing statute, so that the amount of tax which the legatee shall pay may be made to depend both upon the total net amount of decedent's estate subject to the jurisdiction of the state, and passing under its inheritance and testamentary laws, and the amount of the legacy to which the legatee succeeds under those laws. Such a classification is not, on its face, unreasonable. The discrimination is one which bears a substantial relationship to the exercise of the power of disposition by the testator. It is one of the elements in the transfer which is made the subject of taxation."

The supreme court of Wisconsin in *Estate of Week*, 169 Wis. 316 (172 N. W. 732), in discussing the basis upon which an inheritance tax may be computed, observed:

"It is a tax imposed on a transaction, the transaction being the passing of property from the dead to the living. It is not a tax upon the property itself, and consequently, neither the property nor the value

thereof necessarily and inherently constitutes the basis for the amount of the tax. The tax being based on a transaction, however, some basis must be fixed by the legislature by which the tax shall be determined. The legislature has made such basis the clear market value of the property at the time of the transfer."

It was held in that instance that in determining the clear market value of the property at the time of the transfer the federal tax should not be deducted.

On rehearing in *In re Clark's Estate*, 105 Mont. 401, 430 (74 P. (2d) 401, 414, 114 A. L. R. 496), the Supreme Court of Montana in answer to a contention similar to that made by the appellants here as to deduction of the federal estate tax from the gross taxable estate, said:

"The contention of counsel would be pertinent here if our tax were a tax upon the property instead of upon the right to receive. The inclusion of the property or money which is consumed in the payment of the federal estate tax in computing the tax is not imposing a tax upon the right to receive that particular property, but is the imposition of a tax upon the right to receive the property which the beneficiaries actually receive."

In the case of *In re Sherwood's Estate*, 122 Wash. 648 (211 P. 734), it was argued by the administrator of the estate that the Washington inheritance tax was "leviable only on the amount actually received". The court, after pointing out that the tax imposed by the statute of that state was not a tax upon the estate but a tax on the right to receive the property of the estate, stated:

"But clearly it is within the power of the legislature to declare, for the purposes of taxation, what shall be deemed to have been received by those succeeding to the property; that is, it is within the power of the

legislature to say that the whole estate passes to the successor for the purposes of taxation, and then provide that certain parts of it shall be devoted to uses which prevent it from actually passing. Moreover, the name by which the tax is called is of but little moment in determining its nature.''

The court then, after quoting from *Knowlton v. Moore,* supra, said that in its opinion the legislature of Washington intended to tax the entire estate less certain specifically enumerated deductions, and that since the federal estate tax was not among the enumerated items to be deducted, ''the state may legally collect a tax thereon''. See also, in this connection: *In re Estate of Heck,* 120 Or. 80 (250 P. 735); *In re Watkinson's Estate,* 191 Cal. 591 (217 P. 1073); *Hazard v. Bliss,* supra; *Frick v. Pennsylvania,* 268 U. S. 473 (69 L. E. 1058, 45 S. Ct. 603, 42 A. L. R. 316).

■ It is the holding of this court and the courts of almost all other jurisdictions that the right to dispose of property by will and the right to receive property by will or inheritance are not natural rights but are creatures of the law, and that the power which creates the right to transmit and the right to receive can tax such created rights and fix the amount of tax which shall be imposed upon such rights: *In re Inman's Estate,* supra, and authorities therein cited.

■ We therefore can see no valid objection on constitutional grounds to the action of the legislature in requiring that the tax which is imposed by paragraph 1 of § 10-603, *supra,* shall be based on the value of the net taxable estate as defined by chapter 13, *supra,* which definition does not include among the deductions permitted from the gross taxable estate the amount paid as federal estate tax.

That this court in *In re Inman's Estate*, supra, was merely construing the state inheritance tax as it then found it is apparent from the closing statement in the opinion therein, as follows:

"So far as we have been able to discover, every reported judicial opinion which recognizes and observes the well defined and universally acknowledged distinction between an estate tax and an inheritance tax, is to the effect that the federal estate tax must be deducted before measuring the amount of the state inheritance tax, *unless, however, some peculiar and unusual language appearing in the state statute controls and produces a different result*. [Italics supplied.]"

The appellants rely upon the case of *Hoeper v. Tax Commission*, 284 U. S. 206 (76 L. E. 248, 52 S. Ct. 120), to uphold their contention that the conclusion which we here reach renders the 1935 enactment unconstitutional under the fourteenth amendment of the federal constitution, as depriving the beneficiaries of the decedent of property without due process of law. Involved in that case was a provision of the Wisconsin income tax statute which required that in computing the amount of income tax "payable by persons residing together as members of a family, the income of the wife and the income of each child under eighteen years of age shall be added to that of the husband or father, . . . and assessed to him". The court, after pointing out that the wife's income was her separate property and in no sense that of her husband, held that any attempt by the state to measure the tax on the husband's property or income by reference to the property or income of his wife was "contrary to due process of law as guaranteed by the fourteenth amendment". We cannot see how the decision in that case has any application to the rule herein enunciated.

The construction which we have here placed on chapter 13 does not convert our inheritance tax into an estate tax, and accordingly there is no merit in the contention that since the title of the 1935 enactment does not contain any reference to an "estate" tax that act is unconstitutional as violative of § 20, article IV, Oregon constitution.

The order and decree of the circuit court is affirmed.

BEAN, C. J., and RAND and LUSK, JJ., concur.