COMMONWEALTH of Kentucky, DEPART-
MENT OF REVENUE, and Kentucky
Board of Tax Appeals, Appellants,

v.

AMERICAN NATIONAL BANK, Executor
of the Estate of Walter J. Binder, De-
ceased, and Helen L. Binder, Widow of
Walter J. Binder, Deceased, Appellees.

Court of Appeals of Kentucky.

March 8, 1968.

William S. Riley, Asst. Atty. Gen., Norris
A. Harmon, Dept. of Revenue, Frankfort,
for appellants.

William O. Bertelsman, Bertelsman &
Bertelsman, Newport, for appellees.

WILLIAMS, Chief Justice.

Following the death of Walter J. Binder,
the Kentucky Department of Revenue as-
sessed for inheritance tax purposes the
present value of a pension which became
payable to Mrs. Binder upon the death of
her husband under the terms of an employ-
ment contract that had existed between
Binder and the Western Paper Goods Com-
pany. The Kentucky Board of Tax Ap-
peals upheld the assessment, but upon ap-
peal to the Campbell Circuit Court the as-
sessment was held invalid. The Depart-
ment and the Board have appealed.

The question in issue is whether the property represented by the pension passed to the widow by a transfer intended to take effect in possession and enjoyment at or after death within the meaning of KRS 140.010 and 140.020.

Mr. Binder had been an executive of the Western Paper Goods Company for a number of years. In March 1959 he entered into a contract with the company under which he agreed to continue to perform certain services for the company for five more years, and be paid a specified compensation. The contract provided for certain retirement benefits for Binder, and included this additional provision:

"That if Binder dies at any time after the execution of this agreement, and if at the time of his death he has performed all of the terms and provisions of this agreement required by him to be performed, and in the event that his present wife shall survive him as his widow, the Company will pay to her during her widowhood the sum of $625.00 per month upon the last business day of each month."

It will be noted that the widow's benefit was confined to Binder's "present wife." Under the agreement he did not reserve any right to change the recipient of the benefit or to revoke the benefit.

Binder performed his obligations under the contract until July 14, 1959, when he died, thus precipitating the payment of the widow's pension, the taxability of which is here in issue.

As we view the situation, Binder simply *purchased* an annuity for his wife (dependent upon her surviving him) with part of the value of his services. The property that passed from him was a part of the value of his services, and it passed from him irrevocably as the services were performed. He could not control, use, enjoy, possess, recapture or in any way divert that property from its dedicated purpose. He retained no incident of ownership in that property. Accordingly, the property did not pass *from him* at, after, or by reason of death; his death had no bearing on the passing of the property *from him*.

It is true that the property (converted or transferred into pension payments) did not come into *Mrs. Binder's* possession or enjoyment until Binder's death. However, as we interpret the inheritance tax law, this alone is not enough to create a tax liability.

The general rule appears to be that the mere fact that the *beneficiary* does not come into possession or enjoyment until the death of the transferor is not alone enough to impose tax liability; some incident of ownership of the transferor must also *leave him* at death. The tax law contemplates a *shifting* from the transferor to the beneficiary at or after death. See 28 Am.Jur., Inheritance, Estate, and Gift Taxes, secs. 160 to 162, pp. 117 to 122.

A few states, notably Connecticut and New Jersey, take a contrary view, holding that a transfer is taxable if the beneficiary's possession or enjoyment did not arise until the death of the transferor, without regard to whether the transferor prior to death had parted with all incidents of ownership. See 28 Am.Jur., Inheritance, Estate, and Gift Taxes, sec. 162, pp. 121, 122.

While no Kentucky case has specifically taken sides on this question, the decision in Dumesnil v. Reeves, 283 Ky. 563, 142 S.W. 2d 132, in principle constituted an acceptance of the general rule.

In the exhaustive annotation in 73 A.L. R.2d 158 to 234, dealing with inheritance tax liabilities in respect to life insurance benefits, annuities and pensions, the majority and minority views in interpretation of the "possession or enjoyment" clause are reflected. Accordingly, as indicated by the annotation, the general holding is that a transfer in the form of a life insurance benefit, annuity, or pension is not taxable unless the decedent had retained some

form of control or some incident of ownership, such as the right to change the beneficiary.

The appellant tax authorities place great reliance upon Dolak v. Sullivan, 145 Conn. 497, 144 A.2d 312. However, as pointed out hereinbefore, Connecticut follows the minority view on the interpretation of the "possession or enjoyment" clause, which view is reflected in the ruling in the Dolak case on the specific question of pension taxability.

We choose to adhere to the majority view on the interpretation of the "possession or enjoyment" clause. As a matter of fact, we think such interpretation is made inescapable by the language of KRS 140.020(1), with respect to retention by the transferor either of possession, enjoyment or income, or of the power to designate the recipient of the property or income. Accordingly, since in the instant case all possession, enjoyment and control had left the decedent before death, the pension was not taxable.

The judgment is affirmed.

All concur.