ESTATE OF RICHARD L. SLEETER, Deceased
*v.* DEPARTMENT OF REVENUE

Steven H. Hughes, Dusenbery, Martin, Bischoff & Templeton, Portland, represented plaintiff.

Ira W. Jones, Senior Assistant Attorney General, Salem, represented defendant.

Decision on briefs rendered September 11, 1974, for plaintiff.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from the Department of Revenue's Order No. IH 73-14, assessing additional inheritance taxes. The plaintiff contends that the mere possibility of receipt by the decedent's widow of social security benefits at age 60 should not be included, at its "present" (or any) value, in the net estate of the deceased and, therefore, should not be taxed under ORS 118.010 (1) and 118.150 (3) and (4). In the alternative, the plaintiff alleges that the benefits, if any, should be valued and taxed at the time of future payment as prescribed in ORS 118.220.

The facts were not in dispute and the matter was tried on briefs. Richard L. Sleeter died near Camp Sherman, Oregon, on August 22, 1972, a domiciliary of this state. The decedent was survived by his wife, Isabelle M. Sleeter, then aged 56, and by two children who had attained majority. At the time of his death, the decedent was fully insured under the Federal Insurance Contributions Act. If Isabelle M. Sleeter meets all conditions precedent (e.g., attains the age of 60, remains unmarried, is not entitled to old-age benefits in her own right, and the provisions of the Federal Insurance Contributions Act remain unchanged until that time), she will be entitled to receive widow's benefits of $220 per month under the federal Social Secur-

ity Act, based upon the "contributions" of the decedent. *See* 70 Am Jur2d *Social Security and Medicare* § 63 (1973). The defendant calculated that, as of August 22, 1972, the present value, at 4 percent interest, of the right of a female, aged 56, to receive $220 per month for life, commencing at age 60, was $20,-389.30, and the additional tax was calculated on this amount.

The inheritance tax report filed by the personal representative with the Department of Revenue on May 8, 1973, did not contain, as part of the taxable estate, any amount representing the present value of social security benefits which Mrs. Sleeter might receive. The inheritance tax report did include a death benefit in the amount of $22,759.25 from the Oregon Public Employes Retirement System, against which the $20,000 exemption allowed by ORS 118.050 was applied. On July 30, 1973, the Department of Revenue issued a notice of proposed inheritance tax deficiency against the estate of the decedent in the amount of $766.48, plus interest, with respect to the omission of the alleged present value of the social security benefits. After hearing, the Department of Revenue, in its opinion and order, denied plaintiff's appeal and on December 17, 1973, issued its notice of determination and assessment of inheritance tax in the amount of $766.48, plus interest.

A requisite first step is to review Oregon's inheritance tax statutes' key section, ORS 118.010. It is apparent that ORS 118.010 is broadly conceived, but it is, at best, unclear, and in all probability ambiguous when an attempt is made to apply it to the factual setting of the present case. It reads in part:

"(1) All property and any interest therein,

within the jurisdiction of the state, * * * which passes or vests by survivorship, will or by statutes of inheritance * * * or by deed, grant, bargain, sale or gift, * * * or intended to take effect in possession or enjoyment after the death of grantor, bargainor or donor * * * or by reason whereof any person or body politic or corporate shall become beneficially entitled, in possession or expectation, to any property or income thereof, is subject to tax at the rate specified in ORS 118.100, to be paid to the Department of Revenue for the use of the state."

Since the statute purports to deal with "all property and any interest therein," it becomes necessary to examine those aspects of the federal social security statute, 42 USCA § 301 et seq., to determine the widow's property interest. ORS 118.160 requires an estimate of the true cash value of the property at the decedent's death; consequently, if the widow's social security interests come within ORS 118.010, their true cash value on August 22, 1972, must be ascertained. Since we are dealing with an intangible interest, the subject of a federal statute, the question of vesting is raised. (It is apparent that this *chose* does not pass by will or statutes of inheritance, deed, grant, bargain, sale or gift.)

The federal old-age survivors' and disability insurance program (Social Security Act of 1935, ch 531, tit II, 49 Stat 620, as amended) makes provision for a widow to be paid benefits in an amount equal to the primary insurance amount of her deceased husband (42 USC § 402 (e)(2) (1974)) or, if she has remarried after attaining age 60, 50 percent of such amount. As has been mentioned, in order to qualify for benefits, the widow must not have remarried (20 CFR § 404.328 (a)(1) (1972)); must have attained age 60 (20 CFR

§ 404.328 (a)(3)(i) (1972)) ; must not be entitled to old-age benefits (or amount entitled to is less than 82.5 percent of decedent's primary benefits) (20 CFR § 404.328 (a)(4) (1972)). Other substantive conditions precedent and requirements of a technical nature must be met. *Clark v. Celebrezze,* 344 F2d 479 (1st Cir 1965).

 Social security benefits are not vested in a property sense, in that they are subject to defeasance by act of Congress so long as that action is not arbitrary. *Flemming v. Nestor,* 363 US 603, 80 S Ct 1367, 4 L Ed2d 1435 (1960), *rehearing denied,* 364 US 854, 81 S Ct 29, 5 L Ed2d 77 (1960). In that case, the court said, at 610-611:

> "To engraft upon the Social Security system a concept of 'accrued property rights' would deprive it of the flexibility and boldness in adjustment to ever-changing conditions which it demands. See Wollenberg, Vested Right in Social Security Benefits, 37 Ore L Rev 299, 359. It was doubtless out of an awareness of a need for such flexibility that Congress included in the original Act, and has since retained, a clause expressly reserving to it '[t]he right to alter, amend, or repeal any provison' of the Act. § 1104, 49 Stat 648, 42 USC § 1304. * * *"

The court also states, at 610:

> "* * * It is apparent that the noncontractual interest of an employee covered by the Act cannot be soundly analogized to that of the holder of an annuity, whose right to benefits is bottomed on his contractual premium payments."

The U.S. Treasury Department has consistently followed the rule that benefits under the Social Security Act are not subject to the federal estate tax. Rev Rul 67-277, 1967-2 Cum Bull 322; Rev Rul 55-87, 1955-1 Cum Bull 112; ET 18, 1940-2 Cum Bull 285. The rul-

ings hold that the decedent had no control over the designation of the beneficiary or of the amount of payment, since these are fixed by statute; further, the decedent had no property interest in the fund from which payment is made.

It must be plain that the benefits do not go to the widow through any act of the State of Oregon or of the wage earner, or through any will and (since there is no vested right) they do not "vest by survivorship." *Cf People v. Hollingsworth,* 164 Colo 461, 436 P2d 114 (1968). Possibly, it could be argued that the benefits provided by the federal statute for the widow constitute a "gift" but such gifts cannot be intended "to take effect in possession or enjoyment after the *death* of the grantor, bargainor or donor" as ORS 118.010 (1) required. (Emphasis supplied.) Coupled with the requirement of death, the federal government as donor cannot be placed in any of those categories. *In re Lewis' Estate,* 160 Or 486, 492, 85 P2d 1032 (1938), describes Oregon's inheritance tax as "a tax on the right or privilege of the living to receive property from the dead."

The question as to the inclusion in ORS 118.010 of the benefits of the widow's hoped-for benefits under the federal Social Security Act would be answered negatively by this court without further discussion if the issue were not further confused by the provisions in ORS 118.050 (exempting from taxation under the inheritance tax act the value of certain benefits, not exceeding the sum of $20,000 payable to each beneficiary). This statutory section specifically refers to the benefits of the "National Social Security Act," among others. Since ORS 118.050 and 118.010 are in pari materia, it appears probable that the legislature

intended that some aspects of payment pursuant to the Social Security Act should be deemed taxable under the provisions of ORS chapter 118, subject to the $20,000 exclusion. There is no provision in the federal act which specifically prohibits taxation by a state of social security benefits. Without being further advised, the court assumes the exclusion may have lawful application in some area, but it is not relevant here where no property passes pursuant to ORS 118.010 and when no value can be ascribed to the alleged property right here considered.

Further difficulty as to the legislative intent to include social security benefits considered herein is engendered by a consideration of ORS 118.230 (1), imposing a lien upon the property embraced in any "inheritance, devise, bequest, legacy or gift until paid, * * *." The difficulty of bringing the social security rights under any of these categories has already been mentioned but, if such property right is considered as coming within ORS 118.010, the claim of a lien against such share of property is void, notwithstanding the statute. 42 USC § 407 (1969).

The rule is well established that doubts concerning the scope and meaning of a tax law are to be resolved in favor of the taxpayer. *Crook v. Curry County,* 206 Or 350, 292 P2d 1080 (1956). The intention to tax a particular class of persons or a type or kind of property should be readily discernible in the statute without the need to resort to the more subtle rules of construction. *See Eugene Theatre et al v. Eugene et al.,* 194 Or 603, 629, 243 P2d 1060 (1952). *See also Valley Fidelity Bank & Trust Co. v. Benson,* 223 Tenn 503, 448 SW2d 394 (1969).

 The court holds that, in view of the ambiguity of ORS chapter 118 as to imposition of inheritance taxes upon the possible benefits to plaintiff's widow under the Social Security Act which is the subject matter of this suit, no legislative intent to tax them can be discovered.

The court further finds that if an intent can be found to tax the alleged property rights herein described, they had no value as of the date of decedent's death.

In order for the widow to be taxed upon the benefits at the date of the husband's death, it would be necessary to find that the interest in future benefits conferred upon the widow a presently ascertainable economic benefit. (*In re Lowengart's Estate,* 160 Or 118, 124, 84 P2d 105 (1938), states the test of liability to tax to be "the shifting of the economic benefits and burdens.") Such a benefit exists where the wife has noncontingent proprietary rights in an insurance policy and its proceeds. (However, even in that situation, it is quite possible that a wife may be an absolute owner and beneficiary of a policy that provides her with rights which are so limited or otherwise restricted as to have no economic substance for tax purposes. *See Harold Ostrov,* 53 TC 361 (1969).)

 In the present case, there were conditions precedent, including two beyond the widow's control, which have to be met before she can make any claim upon the survivor's benefits under social security. In the meantime, she has no rights whatsoever in that she cannot borrow upon the future expectation, or assign or transfer it, or in any other way show a possessory interest. 42 USCA § 407 (1969). It can have no pres-

ent value to her and will not have unless and until payments are actually made to her by the Social Security Administration. *Cf William C. Wright,* 62 TC ——, No. 45 (June 25, 1974), CCH Tax Ct Rep, Cur Reg Dec, CCH Dec 32,656, at 2731.

As was stated in *Flemming, supra,* the interest of the widow covered by the Social Security Act "cannot be soundly analogized to that as a holder of an annuity, whose rights to benefits is bottomed on his contractual premium payment." Yet it is exactly this basis which has been used by the defendant for the imposition of the tax, as if the widow's highly contingent expectation was the equivalent of a contractual annuity underwritten by a leading insurance company. Such a valuation disregards well-known facts; viz., the Social Security Act is not an annuity program; retirement benefits are not necessarily related to contributions made; social security payments do not go into a trust fund earmarked for an individual's retirement benefits; social security payments are not contributions, they are compulsory taxes.

Defendant has argued that one of the conditions precedent referred to by plaintiff over which the widow had no control (i.e., the possibility of statutory change depriving her of a hoped-for award) should not seriously be considered as a detriment, being improbable. After observing the results of Oregon's adoption of the Personal Income Tax Act of 1969, with its balancing of policy, often to the detriment of the individual income taxpayer, the court is slow to adopt this view. It has been held that even the protection from allegedly "arbitrary" change under 42 USC § 1304 (1969) may not accrue until the claimant has been

paid benefits or there has been an adjudication in his favor. *King v. Finch,* 428 F2d 709 (5th Cir 1970).

It has been suggested by the plaintiff that a possible temporary solution to the problem herein is given by ORS 118.220, which defers the payment of taxes

> "* * * upon any devise, bequest, legacy or gift, limited, conditioned, dependent or determinable upon the happening of any contingency of future event, by reason of which the full and true value thereof cannot be ascertained at or before the time when the taxes become due and payable, [whereupon such taxes] accrue and are due and payable when the person or corporation beneficially entitled thereto comes into actual possession or enjoyment thereof."

It would appear that this relief measure would be applicable only if the court is in error in concluding that the social security benefits contemplated herein do not come within ORS chapter 118.

Defendant has cited, *inter alia, Plummer v. Coler,* 178 US 115, 20 S Ct 829, 44 L Ed 998 (1900); *Ewing v. Gardner,* 185 F2d 781 (6th Cir 1950); *In re Lewis' Estate, supra; In re Lowengart's Estate, supra; In re Inman's Estate,* 101 Or 182, 199 P 615 (1921). The *Ewing* case is distinguishable from subject case by the fact of vesting. The other cases add useful background and have been relied upon by the court, but they do not reach the question presented here. This is also true of the decision in *Est. of Erwin D. McDowell, Dec'd,* Or Cir Ct, 4th Jud Dist, Dept No. 7 (12-31-64) and 31 Op Atty Gen 210 (1963). They refer to the Social Security Act in broad language, without the necessity of grappling with the facts and law directly pertinent in this suit.

In oral argument, defendant suggested that the case of *Richardson v. Belcher,* 404 US 78, 92 S Ct 254, 30 L Ed2d 231 (1971), can be read as attributing some property rights to the widow's expectancy in this case. This court finds that it does not affect what has been said above.

Defendant's Order No. IH 73-14 is set aside as void and held for naught and its notice of inheritance tax deficiency shall be withdrawn or modified as required by this decision.