# ESTATE OF DAVID L. SEITZ *v.*
# DEPARTMENT OF REVENUE

Thomas E. Sweeney, Portland, represented plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered November 24, 1975.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from the Department of Revenue's Order No. IH 74-10, dated October 18, 1974, assessing additional Oregon inheritance taxes. The defendant contends that veterans' benefits received by the decedent's widow are subject to the tax. Plaintiff argues that veterans' benefits are similar to the social security benefits which were held nontaxable in *Est. R. L. Sleeter v. Dept. of Rev.*, 5 OTR 600 (1974).

The facts are not in dispute and the matter was tried on briefs. The decedent, an Oregon resident, was killed on December 22, 1972, while flying for the Oregon Air National Guard, thereby coming within the definition of "veteran" in 38 USC § 401.[1] Plaintiff's personal representative filed an inheritance tax report, omitting any value relating to the benefits of veterans' widows to which decedent's widow was entitled under 38 USC §§ 410(a) and 411(a).[2] The defendant has

---

[1] 38 USC § 401. "The term 'veteran' includes a person who died in the active military, naval or air service."

[2] 38 USC § 410(a). When any veteran dies after December 31, 1956, from a service-connected or compensable disability,

determined a deficiency of $32,548.58 and assessed an inheritance tax of $316.61 (Notice No. 201880).

The court finds that benefits of veterans' widows do not constitute property under Oregon's inheritance tax laws, and even if such benefits were property, they are not taxable since they were never part of the decedent's estate.

I. *Veterans' Benefits Are Not Property Taxed by Statute.* The Oregon inheritance tax statute, ORS 118.010, requires that:

"(1) All property and any interest therein, within the jurisdiction of the state, * * * which passes or vests by survivorship, will or by statutes of inheritance * * * or by deed, grant, bargain, sale or gift, * * * or intended to take effect in possession or enjoyment after the death of the grantor, bargainor or donor to any person or persons, * * * or by reason whereof any person * * * shall become beneficially entitled, in possession or expectation, to any property or income thereof, is subject to tax at the rate specified in ORS 118.-100, to be paid to the Department of Revenue for the use of the state."

The statute only taxes "property and any interest therein" and therefore it is incumbent upon the court to determine, as it did with social security benefits in *Est. R. L. Sleeter, supra,* whether benefits of a veteran's widow constitute property within the meaning of the Oregon act. As in *Sleeter,* it is apparent that these benefits do "not pass by will or statutes of inherit-

the Administrator shall pay dependency and indemnity compensation to his widow, children, and parents. * * *"

38 USC § 411(a). "Dependency and indemnity compensation shall be paid to a widow, based on the pay grade of her deceased husband, at monthly rates set forth in the following table: * * *."

ance, deed, grant, bargain, sale or gift." 5 OTR at 603.

■ "Large concepts like 'property' * * * call for close analysis, especially when tax legislation is under scrutiny * * *." *Whitney v. State Tax Com.,* 309 US 530, 538, 60 S Ct 635, 84 L Ed 909, 913 (1940). Inheritance tax statutes must use clear, express language, and, where any ambiguity or doubt exists, should be construed in the taxpayer's favor. *Valley Fidelity Bank & Trust v. Benson,* 223 Tenn 503, 448 SW2d 394 (1969); *Estate of Sweet,* 270 Wis 256, 70 NW2d 645 (1955).

■ The spouse's interest in veterans' benefits is contingent, terminable, and is not capable of assignment or other alienation. Such rights cannot be considered "property" within the meaning of ORS 118.-010.

The defendant, citing 38 USC § 411,[9] asserts that such properties are not contingent, but are vested. Although the section cited sets out a schedule of the amount of benefits payable to the widow, the court can find no vesting. Like social security benefits, veterans' benefits are contingent because the Congress always has the right to change or terminate the benefits.

"Moreover, veterans' benefits are gratuities and establish no vested rights in the recipients so that they may be withdrawn by Congress at any time and under such conditions as Congress may impose." *Milliken v. Gleason,* 332 F2d 122, 123 (1st Cir 1964), *cert denied,* 379 US 1002, 85 S Ct 723, 13 L Ed2d 703 (1965).

*See also Cieliczka v. Johnson,* 363 F Supp 453, 455 (ED Mich 1973).

---

[9] *See n2, supra.*

Upon the widow's remarriage, her benefits will stop. 38 USC § 101(3). The defendant counters that such benefits are not entirely terminable because the benefits would be reinstated when the second marriage ended. 38 USC § 103(3). The fact that such benefits would be reinstated does not make the benefits to the widow less terminable.

Like social security benefits, veterans' benefits are not capable of assignment or other alienation by the widow. 38 USC § 3101(a)[4] provides that veterans' payments or benefits due or to become due are not assignable except to the extent specifically authorized by law, and that such payments are not liable to attachment, levy, or seizure.

Inalienable, terminable, contingent rights do not rise to the level of property under the act. However, defendant offers two further arguments: (1) Since veterans' benefits are excluded from the tax under ORS 118.050(3) to the extent of $20,000,[5] by implication the legislature displayed an intent to include veterans' benefits in the language of ORS 118.010; and (2) the instant case is distinguishable from *Est. R. L. Sleeter, supra,* because in this case a "present ascertainable economic benefit" is being conferred upon the widow.

---

[4] 38 USC § 3101(a). "Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. * * *"

[5] This exemption was increased to $100,000 by Or Laws 1975, ch 687, effective as to decedent's dying on or after September 13, 1975.

■ The first argument was rejected by the court in *Sleeter, supra,* as follows:

"*\* \* \** Without being further advised, the court assumes the exclusion may have lawful application in some area, but it is not relevant here where no property passes pursuant to ORS 118.-010 and when no value can be ascribed to the alleged property right here considered." 5 OTR at 606.

This court can easily imagine the existence of a federal retirement program where the widow's rights are vested (*e.g.,* as a result of her spouse making contributions while a federal employee), which is not terminated upon her remarriage and is assignable and alienable. The possible existence of at least one such plan would mean that ORS 118.050(3) would not be rendered meaningless.

Defendant's second argument distinguishes *Sleeter* because here the widow has "presently ascertainable economic benefits." In *Sleeter,* the widow would have had to wait until she reached age 60 in order to receive her first benefits, while Mrs. Seitz was eligible immediately upon the death of her husband to receive such benefits. Defendant's contention may be accurate. However, in *Sleeter,* the discussion of "presently ascertainable economic benefits" concerned the valuation of the social security benefits, and assumed the legislature intended "to tax the alleged property rights herein described \* \* \*." As has already been stated, the court finds that the benefits of the veteran's widow are not *property* within the meaning of that word in ORS 118.010(1). The question before the court does not include valuation, as it did in *Sleeter.*

II. *Property Never Owned by Decedent Not Taxed by Statute.* Even if it could be concluded that benefits of veterans' widows were property within the mean-

ing of the statute, such property would not be subject to Oregon's inheritance tax in this suit because the benefits were not owned, nor were they ever owned, by the decedent.

It has been asserted that the state has the power to levy a tax on property not owned by the decedent on his death. *Central Hanover Bank & T. Co. v. Kelly,* 319 US 94, 63 S Ct 945, 87 L Ed 1282 (1943); *Whitney v. State Tax Com., supra; but see Dept. of Revenue of Ky. v. Lanham's Adm'rs,* 278 Ky 419, 128 SW2d 936 (1939). However, there is no need to reach the constitutional question of jurisdiction to tax if the intent to tax property not owned by the decedent cannot be found in the statutes.

ORS 118.010 is not a model of clarity and it is well established that doubts concerning the scope and meaning of tax laws are to be resolved in favor of the taxpayer. *Est. R. L. Sleeter, supra.* Reading ORS 118.010 with care, no clear statement is found which requires the assumption that the legislature intended to tax property not owned by the decedent. The court adopts the rule stated in *Wachovia Bank & Trust Co. v. Commissioner,* 221 NC 528, 20 SE2d 840, 844, 150 ALR 1273, 1278 (1942):

> "In the absence of clear language to that effect we will not assume that the Legislature intended to levy a succession or inheritance tax against property over which the deceased had no control and possessed no incident of ownership. * * *"

Oregon's inheritance tax has been described as "a tax on the right or privilege of the living to receive property from the dead * * *." *In re Lewis' Estate,* 160 Or 486, 492, 85 P2d 1032, 1035 (1938). The court in *Commonwealth, Dept. of Rev. v. American Nat.*

*Bank,* 425 SW2d 281, 282 (Ky 1968), concurred in this conclusion:

> "The general rule appears to be that the mere fact that the *beneficiary* does not come into possession or enjoyment until the death of the transferor is not alone enough to impose tax liability; some incident of ownership of the transferor must also *leave him* at death. The tax law contemplates a *shifting* from the transferor to the beneficiary at or after death. * * *"

In *People v. Hollingsworth,* 164 Colo 461, 436 P2d 114 (1968), the court considered the status of Federal Civil Service Retirement Act benefits and excluded them from imposition of Colorado's inheritance tax. The court held that there must be some gift or grant by the decedent to be taxed (164 Colo at 466; 436 P2d at 116):

> "It is clear from just a cursory reading of the statute that the property passing or being transferred must have been that which the decedent owned, controlled, possessed, had income from or an interest in for it to be included in property for inheritance tax purposes. * * *"

This rule expresses the weight of authority throughout the United States. *People v. Egbert,* 164 Colo 467, 436 P2d 116 (1968); *McDonald v. Evatt,* 145 Ohio St 457, 31 Ohio Op 67, 62 NE2d 164 (1945); *Gregg v. Commissioner,* 315 Mass 704, 54 NE2d 169, 150 ALR 1280 (1944), Annot 73 ALR2d 157 (1970).

 The defendant counters that since Oregon has an inheritance tax, then all property received by the beneficiary, and not necessarily that passing from the estate, will be its subject. However, in *Wachovia Bank & Trust Co., supra,* the court carefully distinguished between an inheritance tax and an estate tax, yet concluded that "[t]here must be some shifting of

economic benefits from the dead to the living. \* \* \*"
Generally speaking, the legislature intended to limit
the tax to the following: property found in the dece-
dent's estate at his death in which he retained at least
some incident of ownership, property passing from his
estate in contemplation of death, or property passing
to a person who was a third-party beneficiary to a
contract entered into by the decedent. The court finds
no basis for excepting the factual and legal situation
set out in this suit from these statutory limitations.

The *inter vivos* interest of the decedent in
the fund need not be large to subject it to inheritance
taxes upon his death. The mere right to change the
beneficiaries of the fund has been held to be a suffi-
cient interest. *Fleming Estate,* 5 Fid Rep 382, 2
D&C2d 425 (Pa 1955). It has also been held that if the
benefits were a result of the decedent's contractual re-
lationship with an insurance company or an employer,
so that the consideration to produce the benefits
flowed from the decedent, this would also be a suffi-
cient lifetime interest. *Dolak v. Sullivan,* 145 Conn
497, 144 A2d 312 (1958); *Borchard v. Connelly,* 140
Conn 491, 101 A2d 497 (1953). Technicalities of con-
tract law will be ignored to find the true relationship
between the decedent and the beneficiary. *Commis-
sioner v. Wilder's Estate,* 118 F2d 281, 282 (5th Cir
1941), 41-1 USTC ¶ 10,040, 26 AFTR 675, *cert denied,*
314 US 634, 62 S Ct 67, 86 L Ed 509 (1941).

Applying the general rule that the decedent must
have had some *inter vivos* interest in the property, it
can be seen that the husband, during his life, had no
interest whatsoever in his widow's potential veterans'
benefits. An examination of the applicable federal
statutes shows that the veteran made no financial con-
tribution in respect to the benefits, and that he could
not use, control, possess or enjoy the "property." He

could not designate the beneficiaries or the amounts payable to them. He had no interest in any appropriation or fund from which the benefits would be paid. There was no contractual relationship between the decedent and the federal government establishing or producing these benefits. *Taylor v. United States,* 379 F Supp 642 (WD Ark 1947); *de Rodulfa v. United States,* 461 F2d 1240, 1257 (DC Cir 1972), 18 ALR Fed 890, *cert denied,* 409 US 949, 93 S Ct 270, 34 L Ed2d 220 (1972). No interest of decedent passed to the widow or vested "by ownership." The death of decedent triggered the mechanism which benefited the widow, but his death did not affect any "rights of the parties." The benefits flowed directly from the federal government to decedent's spouse by reason of federal law, without any act of the state. Upon failure of the government to pay the benefits, the decedent's personal representative would have no standing to sue.

Defendant's Order No. IH 74-10 is set aside as void and held for naught and its Notice of Inheritance Tax Deficiency shall be withdrawn or modified as required by this decision.

Plaintiff is awarded its statutory costs.